Rufus A. CALDWELL, Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.

Civil Action No. 93–2550–GTV.

United States District Court, D. Kansas.

March 27, 1996.

William P. Ronan, Cloon, Bennett & Ronan, Overland Park, KS, for plaintiff.

Phillip R. Fields, Wichita, KS, for Western Atlas International Inc.

Richard N. Bien, James A. Durbin, Swanson, Midgley, Gangwere, Kitchin & McLarney, L.L.C., Kansas City, MO, Craig T. Kenworthy, Swanson, Midgley, Gangwere, Kitchin & McLarney, L.L.C., Overland Park, KS, for Life Ins. Co. of North America.

## MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Before the court is a Motion For Protective Order (doc. 75) filed by defendant Life Insurance Company of North America (LINA). Pursuant to Fed.R.Civ.P. 26(c), LINA seeks an order limiting the scope of discovery "to the information in the claim administrator's file and for such other and further relief as the Court deems just and appropriate." Plaintiff opposes the motion.

On March 19, 1996 the court held the final pretrial conference in this case. Plaintiff appeared through his counsel, William P. Ro-

nan. Defendant LINA appeared through its counsel, James A. Durbin. The parties set forth the nature of the case, their factual contentions and legal theories, and the remaining issues of fact and law.

This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks to recover disability benefits allegedly due him under a group policy of disability insurance provided to him through his employment with former defendant Western Atlas International. He contends that he has demanded payment of benefits, but defendant has denied his claim. He further contends that defendant has failed and refused to provide him with information for submitting his claim for review. He also contends that defendant did not review the denial of his claim.

LINA contends that plaintiff is entitled to no benefits, pursuant to the employee welfare benefit plan, insurance policy, summary plan description, or ERISA. It claims that plaintiff is not disabled. It contends, furthermore, that it has provided a full review of the claim of plaintiff, pursuant to ERISA and a court-ordered stay and review.[1]

One issue of fact yet to be determined is whether the denial or review or failure to review the claim of plaintiff by defendant was arbitrary and capricious. Issues of law still in need of resolution include the following: (1) what standard of review is to be utilized by the court; (2) whether the plan administrator provided plaintiff with a full and fair review of the claim denial; and (3) whether the court may consider evidence outside the administrative record.

The only discovery pending are depositions of Dr. John W. Ellis and Ima Jean Caldwell, the wife of plaintiff.[2] This discovery has been stayed, pursuant to D.Kan. Rule 26.2, pending resolution of the motion now before

1. On December 13, 1994 the court stayed the action against LINA pending a review by LINA of the claim for benefits. (See Order of December 13, 1994, doc. 37, at 10–11.) It lifted the stay and reinstated the claim against LINA on July 21, 1995. (See Order of July 21, 1995, doc. 60, at 1–2.)

2. Defendant indicates in its memorandum supporting its motion that a proposed deposition of Rufus A. Caldwell is also at issue. Due to the representations at the pretrial conference concerning pending discovery, the court presumes such deposition is not at issue.

the court.[3] Plaintiff requested that Dr. Ellis bring all medical records or reports regarding plaintiff or his wife to his deposition. (See Notice To Take Deposition *Duces Tecum,* doc. 72.)

Defendant LINA argues that this case is to be resolved solely upon the administrative record. Consequently, it contends the discovery sought by plaintiff is overly broad and irrelevant. It would go beyond the claims file and the administrative record. Defendant thus argues that the requested discovery constitutes annoyance and oppression, imposes undue burden and expense, and justifies a protective order.

Plaintiff claims that the court upon *de novo* review may examine evidence beyond the administrative record. He asserts, furthermore, that the court should deny the request for protective order even under an arbitrary and capricious standard of review, "because absent the information which [he] intends to obtain in the evidentiary depositions, [he] will be denied a full and fair review of his case." He suggests that 29 U.S.C. § 1133 requires a fiduciary to afford him a reasonable opportunity for a full and fair review. He contends that he has not been provided such opportunity. He suggests, furthermore, that the court is not limited to the administrative file when the decision-maker was arbitrary and capricious in not obtaining additional evidence.

■■■ "[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989).

Although the Supreme Court did not discuss the meaning of *de novo* review in *Bruch,* we believe that Bruch contemplates that the district court will review the administrator's decision ... without deference to the decision or any presumption of correctness, based on the record before

the administrator. Thus, *Bruch* does not require district courts to hear and consider evidence not presented to the plan administrator in connection with a claim. This view is consistent with the proper judicial role in ERISA cases and precedent.

...

... In the ERISA context, the role of the reviewing federal court is to determine whether the administrator or fiduciary made a correct decision, applying a *de novo* standard. Nothing in the legislative history suggests that Congress intended that federal district courts would function as substitute plan administrators, a role they would inevitably assume if they received and considered evidence not presented to administrators concerning an employee's entitlement to benefits. Such a procedure would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme.

*Shaw v. Mutual Benefit Life Ins. Co.,* No. 89–4261–R, 1991 WL 80181, at *2 (D.Kan. Apr. 9, 1991) (quoting *Perry v. Simplicity Eng'g,* 900 F.2d 963, 966–67 (6th Cir.1990)) (citation omitted).

A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal. If district courts heard evidence not presented to plan administrators, employees and their beneficiaries would receive less protection than Congress intended.

*Sandoval v. Aetna Life & Cas. Ins. Co.,* 967 F.2d 377, 380 (10th Cir.1992) (quoting *Perry,* 900 F.2d at 967) (citation omitted).

■■■ "The role of a reviewing federal district court is to determine whether the ERISA plan administrator or fiduciary made a correct decision based on the record before it at the time the decision was made." *Ford v. Metropolitan Life Ins. Co.,* 834 F.Supp.

---

**3.** D.Kan. Rule 26.2 provides that "[t]he filing of a motion for protective order pursuant to Fed. R.Civ.P. 26(c) or 30(d) shall stay the discovery at which the motion is directed pending the order of the court."

1272, 1277 (D.Kan.1993). A "district court's review of a denial is limited to the record before the plan administrator at the time it reached its decision." *Bass v. Prudential Ins. Co. of Am.*, No. CIV.A. 89–2356, 1990 WL 136807, at *1 n. 1 (D.Kan. Aug. 23, 1990). In the District of Kansas, such limitation exists whether the standard of review is arbitrary and capricious or *de novo*. *Compare Sandoval*, 967 F.2d at 380 ("In determining whether the plan administrator's decision was arbitrary and capricious, the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision") *and Woolsey v. Marion Lab., Inc.*, 934 F.2d 1452, 1456–57, 1460 (10th Cir.1991) (limiting its review under the arbitrary and capricious standard to the evidence before the administrator at the time of the decision) *and Stormont–Vail Regional Med. Ctr. v. Kansas Bldg. Trades Open-End Health & Welfare Fund Uninsured Benefit Plan*, No. CIV.A. 88–4146, 1990 WL 11377, at *5–6 (D.Kan. Jan. 8, 1990) (limiting its review under the arbitrary and capricious standard to the evidence before the administrator at the time of the decision) *with Shaw*, 1991 WL 80181, at *2 (following *Perry*, 900 F.2d 963, which held that *de novo* review is limited to consideration of the facts before the plan administrator at the time of denial) *and Shaw v. Mutual Benefit Life Ins. Co.*, No. 89–4261, unpublished op. at 3–4 (D.Kan. Mar. 29, 1991) (noting that *de novo* review is limited to the evidence before the administrator at the time of the decision).

■■■ "[A] party is entitled to request a protective order to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery." *Shaw*, unpublished op. at 3. The unpublished *Shaw* opinion specifically addresses the question of the scope of discovery in an ERISA case. It includes facts similar to those in the present case. Magistrate Judge Newman held:

> [w]hile the determination of admissibility at the trial of the action is one for the trial judge, it is the court's view of the present

state of the law, that as to the denial of benefits, the trial judge may only review the evidence·that was before the plan administrator at the time the final benefit determination was made.

> Since the parties are not entitled to present new evidence outside the record on the merits of plaintiff's claim for benefits, discovery on the issues related thereto would be outside the permissible scope of discovery. Such discovery could not possibly lead to the discovery of admissible evidence. Plaintiff is not entitled to engage in discovery which could have or should have been presented to the administrator prior to action on the claim.

*Shaw*, unpublished op. at 4 (citations omitted). Applying the rationale of *Shaw* to the present case, the court finds that plaintiff is not entitled to pursue discovery that he could or should have presented to the administrator before arriving at the district court level· or during the stay for review provided for in the Order of December 13, 1994. Subjecting a party to such discovery constitutes annoyance and oppression. It also imposes undue burden and expense upon it.

■■■ That the trial court may only review the evidence before the administrator when it denied benefits does not, however, necessarily preclude all discovery. It necessarily only precludes discovery on issues related to the merits of the claim for benefits. A plaintiff may be "entitled to discovery to determine whether the fiduciary or administrator fulfilled his fiduciary role in obtaining the necessary information in order to make his determination, whether the persons who assisted in compiling the record followed the proper procedure, as well as, whether the record is complete." *See id.* at 5–6.

Plaintiff urges denial of the request for protective order, because without the requested discovery, he claims he will be denied a full and fair review of his case.[4] He also urges denial because the court is not limited to the evidence considered by the administrator when the administrator has been arbitrary and capricious in failing to

---

4. Whether LINA fully and fairly reviewed the case of plaintiff is an issue of law for the district court to decide. The issue here is whether plaintiff should be precluded from conducting two depositions and obtaining medical records from one potential deponent.

obtain additional evidence. Reduced to their most basic premise, these reasons suggest denial of the request for protective order because the discovery is relevant.

■■■■ "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). A party does not have to prove a *prima facie* case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence. When the discovery sought appears relevant,

> [t]he party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R.Civ.P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Aramburu v. Boeing Co.*, No. 93–4064–SAC, 1994 WL 810246, at *1 (D.Kan. Sept. 22, 1994). When relevancy is not apparent, however, the party seeking the discovery has the burden to show the relevancy of the discovery request. *Evello Invs. N.V. v. Printed Media Servs., Inc.*, No. Civ.A. 94–2254–EEO, 1995 WL 135613, at *5 (D.Kan. Mar. 28, 1995). "A request for discovery ... should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Lab.*, 137 F.R.D. 336, 341 (D.Kan.1991). To determine whether discovery is relevant, the court examines the issues raised in the case. *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, No. Civ.A. 94–2395–GTV, 1995 WL 625962, at *3 (D.Kan. Oct. 5, 1995).

■■■■ As the court has already stated, the trial court is limited to reviewing the evidence before the administrator when it denied benefits. All other evidence is generally irrelevant to the review. In this instance, however, the arguments of plaintiff for denying the request for protective order adequately demonstrate that the proposed discovery may be relevant. The arguments raise the following issues: (1) whether LINA fulfilled its fiduciary duty to obtain information necessary to make its determination to deny benefits; (2) whether LINA followed proper procedures in reviewing and denying the claim of plaintiff; and (3) whether the record is complete. These matters could impact the decision as to whether the denial, review, or failure to review was arbitrary and capricious. They could also affect a determination as to whether defendant provided plaintiff a full and fair review. As a general principle, a party may pursue discovery on such issues in ERISA actions. *See Shaw,* unpublished op. at 5–6.

The requested depositions here appear relevant to determine whether defendant failed to develop a complete record. Both deponents may identify records that should have been included in the administrative file. They might also reveal steps taken by defendant to obtain records from them. Dr. Ellis could conceivably produce medical records of plaintiff that should have been included.

■■■ Plaintiff adequately shows the proposed discovery to be relevant. Defendant has not satisfactorily repudiated such showing. Nor has it shown that the discovery is of such marginal relevance that the potential harm occasioned by it outweighs the presumption of broad disclosure. Despite the relevance of portions of the proposed discovery, defendant has nevertheless demonstrated good cause for a protective order. The court will restrict the proposed discovery to whether the record is complete. Plaintiff may not obtain the medical records of his wife. They appear irrelevant to the completeness of the record.

For the forgoing reasons, the court sustains in part and overrules in part the Motion For Protective Order (doc. 75).

IT IS SO ORDERED.