Reba Ann MACKEY, Plaintiff,

v.

IBP, INC., Defendant.

No. 95–2288–GTV.

United States District Court,
D. Kansas.

June 7, 1996.

**190**

David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, John L. Hampton, Hampton Law Office, Lawrence, KS, for Reba Ann Mackey.

John J. Jurcyk Jr., Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for IBP Inc.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Under consideration is Plaintiff's Motion To Compel (doc. 34). Pursuant to Fed. R.Civ.P. 37, plaintiff Reba Ann Mackey thereby seeks an order to compel defendant IBP, Inc. (IBP) to answer Interrogatories 7, 12, 16, 17, and 20 and respond to Requests For Production 4 through 10. IBP opposes the motion.

This is an action for retaliatory discharge for the anticipated exercise of rights by plaintiff under the Kansas Workers' Compensation Act, K.S.A. 44–501 to 5,125. (See Pretrial Order, doc. 40, ¶ 3.) Plaintiff began working for IBP on June 29, 1992. On three occasions in July 1992 she allegedly complained of discomfort in her hands. On August 31, 1992 she allegedly complained of numbness in her left index finger. (*Id.*, ¶¶ 4 and 4.1.) IBP claims it hired her for a 90–day probationary period. It contends she filed no report of injury or claim for workers compensation benefits. (*Id.*, ¶ 4.1.)

Plaintiff asserts that IBP has previously resisted discovery similar to that requested here to no avail. She suggests that the present objections are without merit. She claims that the court has ruled against IBP upon such objections in *Hill v. IBP, Inc.*, No. 94–2046–GTV, unpublished op. (D.Kan. Jan. 26, 1996); *Zapata v. IBP, Inc.*, No. Civ.A. 93–2366–EEO, 1994 WL 649322 (D.Kan. Nov. 10, 1994); and *Naerebout v. IBP, Inc.*, No. 91–2254–L, unpublished op. (D.Kan. Aug. 19, 1992). She requests sanctions against IBP and its counsel for repeating meritless objections and evasive discovery responses, which the court has previously overruled.

Plaintiff asserts that her retaliatory discharge claim requires circumstantial evidence of the intent or motive of IBP in terminating her employment. She seeks

considerable latitude in discovery to obtain such evidence. In her reply memorandum, she contends that "with regard to defendant's managers and their practices, workers compensation or 'safety' (a code word for workers compensation) programs, and how they operate or how managers are given incentives under such programs, are directly relevant to demonstrate the motive or intent of the defendant." She suggests that this court has recognized such relevance in *Chaparro v. IBP, Inc.,* 873 F.Supp. 1465 (D.Kan. 1995). She asserts that in *Chaparro* Judge Van Bebber noted that supervisors and managers at IBP meet at weekly safety meetings to discuss information concerning work-related injuries. She further asserts that the trial of *Ortega v. IBP, Inc.,* No. 92–2351–KHV, revealed that certain supervisors of IBP maintained "goal" books where information from corporate headquarters was used to identify individual employees. She maintains that whether she appears in these "goal" books is immaterial to the discoverability of such information. She suggests that information relating to treatment of other employees is relevant to her case. She contends that evidence of retaliation against others is fundamentally relevant to prove the motive or intent of a defendant former employer.

IBP contends that it responded in good faith to the requested discovery with valid objections. It suggests that *Hill* is not dispositive, because of differences in the discovery and surrounding circumstances. It asserts that plaintiff here never filed a claim for workers compensation or invoked any rights or protections under the Kansas Workers Compensation Act, K.S.A. 44–501 to 5,125. It further asserts that plaintiff applied for no leave of absence. It suggests that she never became more than a 90–day probationary employee.

*Discovery Disputes in Other Cases Involving IBP*

Plaintiff relies upon discovery orders in other lawsuits involving IBP to demonstrate the discoverability of information in this case. Although the court compelled certain discovery from IBP in *Zapata, Hill,* and *Naerebout,* the discovery there at issue appears

materially different from that requested here; although there is some overlap. Such differences may affect discoverability. An objection of undue burden, for example, may make a difference. A party may easily provide discovery on certain matters, whereas discovery on other similar matters may require such an outlay of time and expenses as to justify an objection of undue burden. The specific wording and context of an interrogatory or request for production may also impact the rulings of the court.

█ The court has compared and contrasted the previous discovery orders with the discovery requested here. Plaintiff suggests that the discovery is the same. The court disagrees. The present discovery appears different from what was previously at issue. For a discovery order in one case to have a dispositive effect to the extent plaintiff suggests for this case, the interrogatories and requests for production at issue should be materially similar, if not identical, to those previously considered; the objections and their support should be materially similar; and the material facts should be substantially similar. In this instance the court cannot find that the previous discovery orders simply dispose of the present discovery disputes.

In *Naerebout* the court considered an interrogatory seeking "identification of all persons terminated while on workers compensation leave" under certain policies of IBP. The interrogatory sought information for a five-year period. IBP objected on several grounds. It answered, nevertheless, with a list of Emporia individuals terminated while on workers compensation injury leave. No. 91–2254–L, unpublished op. at 7. The court overruled the objections and ordered IBP to fully answer the interrogatory. *Id.* at 8.

In *Zapata* the court considered the propriety of discovery seeking computer data and dispensary records of IBP in the context of an action alleging discrimination based upon national origin. Plaintiffs there sought "all computer data ... containing personnel and/or employment files for all employees of the Garden City, Kansas and Emporia, Kansas plants employed during any period of time between January 1, 1988 to the present." 1994 WL 649322, at *2. They also

sought "[a] complete copy of all dispensary records" for those same employees and for the same time period. *Id.* The court ordered IBP to produce the requested information. *Id.* at *15. It overruled as unsupported objections that production would be unduly burdensome. *Id.* at *3–4. It found that the computer system of IBP contains "employee historical information." *Id.* at *2.

In *Hill* the court considered interrogatories seeking certain statistical analyses by IBP. Interrogatory 2 sought "the percentage of employees at [the] Emporia, Kansas complex, who, after having suffered an OSHA recordable injury or illness remained in the defendant's active employ." IBP objected on grounds of undue burden and the imposition of an expert statistical analysis required to answer the interrogatory. The court found that the interrogatory could be answered by comparing individuals who had suffered an OSHA recordable injury or illness with the individuals receiving paychecks at the Emporia complex during the requested time period. It found that defendant "has this information stored in its computer." It held that "this interrogatory is capable of being answered by defendant, although it may require some work and expense on the part of defendant's computer staff to do so." It directed IBP to fully answer the interrogatory. No. 94–2046–GTV, unpublished op. at 3.

Interrogatory 3 in *Hill* sought "similar percentage analysis for employees at Emporia who had given notice of the filing of a workers' compensation claim or of whom the company had learned had hired an attorney in connection with such a claim or anticipated claim." Without analysis the court directed IBP to fully answer this interrogatory. *Id.* at 3–4.

Interrogatory 5 in *Hill* sought "the percentage of employees who either terminated their employment or were terminated by defendant at the Emporia complex for any reasons, after they had been placed on leave of absence due to illness or injury." The court found that "[t]his information is not entirely stored in the defendant's computer system, and would require manual analysis of thousands of employee personnel files." The

court thus found the interrogatory unduly burdensome. *Id.* at 4.

Request 2 in *Hill* sought "production of minutes and/or notes of safety committee meetings at the Emporia complex from February 1991 through April 1992." IBP responded that it had produced such information in other litigation. Plaintiff there stated that IBP had not provided all responsive documents in the other litigation. The court directed IBP to produce all of the requested documents. *Id.* at 6.

Request 3 in *Hill* sought production of "all monthly and annual comparative plant safety and/or workers' compensation information showing the comparison of all plants of defendant for each of the months in 1988 through 1992." The court ordered such production. It overruled an objection of undue burden. *Id.* at 6.

Plaintiff suggests that the ruling in *Hill* with regards to Request 2 disposes of the dispute here with respect to Request 4. Request 4 seeks "all safety goal documents … for the time period 6–24–92 to 9–21–92." IBP objects that Request 4 is irrelevant in that plaintiff filed no claim for workers compensation and had no involvement in a safety incident. It also objects that the request is vague in that it fails to define "safety goal documents." It further objects that the request is unduly broad and burdensome to the extent it seeks documents which relate to its facilities other than the one located in Emporia. Such response from IBP is different than the response in *Hill.*

Plaintiff here, furthermore, has not phrased Request 4 as precisely as the request in *Hill. Hill* demonstrates the availability of "minutes and/or notes of safety committee meetings at the Emporia complex from February 1991 through April 1992" upon a reasonably definite and narrow request for production. It does not, however, validate Request 4 against the objections raised against it.

Plaintiff also suggests that *Hill* disposes of Request 5 in this case. The court again finds *Hill* not dispositive. Request 5 seeks "all comparative plant safety and/or workers' compensation documents relating to costs

and showing the rankings of the Emporia plant for the years 1991 and 1992." IBP objects that this request is irrelevant in that plaintiff filed no claim for workers compensation and had no involvement in a safety incident. It further objects that the request is unduly broad and burdensome.

Plaintiff also suggests that *Zapata, Hill,* and *Naerebout* dispose of Interrogatory 20. The discovery in those cases appears distinguishable. Interrogatory 20 seeks information about employees who "had any injury of some kind on the job prior to becoming ineligible for re-hire [sic]." No cited discovery order dealt with information about eligibility for rehire. *Hill,* furthermore, specifically dealt with information concerning employees who had sustained OSHA recordable injuries or had been placed on leave of absence due to illness or injury. Plaintiff has placed no such bounds here. IBP, moreover, has raised objections against Interrogatory 20, which it either did not raise or did not adequately support in the previous disputes. The court will address these objections in view of the support given in this case.

If not dispositive, the discovery orders in *Zapata, Hill,* and *Naerebout* may nevertheless reveal facts about IBP, its computer system, its capabilities to obtain certain information, and the burden to obtain such information. The computer system of IBP contains employee historical information. *Zapata,* at *2. IBP has sufficient information in its computer system to compare, without undue burden, Emporia employees who had suffered an OSHA recordable injury or illness with Emporia employees receiving paychecks during the requested time period. *Hill,* at 3. The computer system contains insufficient information, however, to calculate the percentage of Emporia employees who either terminated their employment or were terminated by IBP, after being placed on leave of absence due to illness or injury. *Id.* at 4. IBP, furthermore, can identify, without undue burden, all persons terminated while on workers compensation leave. *Naerebout,* at 7–8. The court may rely upon the foregoing information, particularly if defendant

does not explain it further or deny its continued validity in this case.

*Relevancy*

■ "Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991). A party does not have to prove a *prima facie* case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence. When the discovery sought appears relevant,

> [t]he party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R.Civ.P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Aramburu v. Boeing Co.,* No. 93–4064–SAC, 1994 WL 810246, at *1 (D.Kan. Sept. 22, 1994). "When 'relevancy is not apparent, [however,] it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" *Evello Invs. N.V. v. Printed Media Servs.,* No. CIV.A. 94–2254–EEO, 1995 WL 135613, at *5 (D.Kan. Mar. 28, 1995) (quoting *Universal Money Ctrs. v. American Tel. & Tel. Co.,* No. 90–2201–0, unpublished op. at 3 (D.Kan. July 15, 1991)). "A request for discovery ... should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Lab.,* 137 F.R.D. 336, 341 (D.Kan.1991).

■ "To determine whether discovery is relevant, the court examines the issues raised in the case." *Caldwell v. Life Ins. Co. of N. Am.,* 165 F.R.D. 633, 638 (D.Kan.1996). Although relevancy is not limited by the matters stated in the pleadings, they do provide a basis from which to judge relevancy. "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund v. Sanders,* 437 U.S. 340,

351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1977) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947)).

Plaintiff alleges that IBP retaliated against her for the anticipated filing of a claim for workers compensation benefits. At the core of such allegation lies the intent or motivation of IBP. "Retaliatory discharge cases must generally be proven by circumstantial rather than direct evidence because rarely will an employer admit to having discharged an employee in retaliation for exercising [or anticipated exercising of] a right." *See Chaparro*, 873 F.Supp. at 1472. When the motive or intent of a defendant employer is at issue, information concerning its conduct towards employees other than plaintiff is relevant. *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir.1990); *Kostecka v. Central Delivery Serv.*, No. 88–2015–S, unpublished op. at 2–3 (D.Kan. Oct. 21, 1988). Plaintiffs in an action for retaliatory discharge "may discover evidence of other acts to show … motive or intent" of a defendant. *Naerebout*, at 8. Circumstantial evidence of intent to retaliate might emerge from such discovery.

IBP objects that certain interrogatories and requests are irrelevant because plaintiff has filed no claim for workers compensation benefits. Whether plaintiff has or has not filed such a claim has no impact upon the relevancy of the requested discovery. In Kansas a cause of action exists for alleged retaliation for anticipated filing of a claim for workers compensation benefits. *See Koopman v. Water Dist. No. 1 of Johnson County*, 972 F.2d 1160, 1162–64 (10th Cir.1992); *Roskob v. IBP, Inc.*, 810 F.Supp. 1229, 1231 (D.Kan.1993); *Chrisman v. Philips Indus.*, 242 Kan. 772, 774, 751 P.2d 140, 141–42 (1988). To establish a *prima facie* case of retaliatory discharge under Kansas law a plaintiff must show the following:

1. that he or she filed a claim for workers compensation benefits or sustained an injury for which he or she might assert a future claim for benefits;

2. that defendant knew of the compensation claim of plaintiff or that plaintiff had sustained an injury for which he or she might assert a future claim for benefits;

3. that defendant terminated the employment of plaintiff; and

4. that a causal connection existed between the protected activity or injury and the termination.

*See Ramirez v. IBP, Inc.*, 77 F.3d 493, 1996 WL 80452, at *5 n. 7 (10th Cir.1996) (TABLE; Text on WESTLAW); *Sanjuan v. IBP, Inc.*, 919 F.Supp. 378, 380 (D.Kan.1996); *Nolan v. Sunshine Biscuits, Inc.*, 917 F.Supp. 753, 759 (D.Kan.1996); *Robinson v. Wilson Concrete Co.*, 913 F.Supp. 1476, 1483 (D.Kan.1996); *Rodriguez v. IBP, Inc.*, No. 94–1168–PFK, 1996 WL 42125, at *5 (D.Kan. Jan. 12, 1996); *Ramirez v. IBP, Inc.*, 913 F.Supp. 1421, 1429 (D.Kan.1995); *Nguyen v. IBP, Inc.*, 905 F.Supp. 1471, 1481 (D.Kan. 1995); *Robertson v. IBP, Inc.*, No. Civ.A. 94–2047–GTV, 1995 WL 405095, at *1 (D.Kan. June 29, 1995); *Velazquez v. IBP, Inc.*, No. 94–4015–SAC, 1995 WL 408397, at *3 (D.Kan. June 22, 1995); *Lawrence v. IBP, Inc.*, No. Civ.A. 94–2027–EEO, 1995 WL 261144, at *10 (D.Kan. Apr. 21, 1995); *Hill v. IBP, Inc.*, 881 F.Supp. 521, 524 (D.Kan.1995); *Chaparro*, 873 F.Supp. at 1472; *Rosas v. IBP, Inc.*, 869 F.Supp. 912, 916 (D.Kan.1994); *Garcia v. IBP, Inc.*, No. Civ.A. 93–2338–EEO, 1994 WL 590905, at *4 (D.Kan. Oct. 26, 1994); *Hysten v. Hopkins Mfg. Corp.*, No. 93–2554–KHV, 1994 WL 731545, at *3 (D.Kan. Oct. 18, 1994); *Ortega v. IBP, Inc.*, No. Civ.A. 92–2351–KHV, 1994 WL 373887, at *6 (D.Kan. July 1, 1994); *Ortega v. IBP, Inc.*, No. Civ.A. 92–2351–KHV, 1994 WL 373888, at *4 (D.Kan. June 27, 1994). The court finds objections of irrelevancy, based upon the failure of plaintiff to file a claim for workers compensation benefits, to be improper. Plaintiff has brought suit for retaliatory discharge for the anticipated filing of such a claim. The court overrules the objections.

The court also overrules objections of irrelevancy based upon contentions that IBP did not track plaintiff as a workers compensation injury or cost (Interrogatory

7(b)),[1] that plaintiff neither applied for nor received a leave of absence (Interrogatory 12),[2] and that she had no involvement in a safety incident (Requests 4 and 5). If true, such contentions do not make the requested discovery irrelevant. It seeks information about relevant conduct of IBP. IBP has not carried its burden to show the discovery to be irrelevant. The court overrules such objections.

*Temporal Scope of Discovery*

■ IBP objects to Interrogatory 20 and Request 6[3] to the extent they seek information outside the time it employed plaintiff. It suggests that the failure to limit these discovery requests to the period of employment makes them overly broad or irrelevant. The court disagrees. Evidence of the intent of IBP might accumulate over a time period during which it did not employ plaintiff.

The court will not limit Interrogatory 20 or Request 6 to the period IBP employed plaintiff. Plaintiff suggests that the retaliatory motive of IBP may stem from a desire to eliminate injured workers viewed as obstacles to achieving safety or workers compensation goals. Evidence of such goals, whether established before or during the tenure of plaintiff, appears discoverable. IBP has not shown otherwise. The court overrules the objections against the temporal scope of Interrogatory 20 and Request 6.

*Geographic Scope of Discovery*

Some objections of IBP are premised on the argument that the geographic scope of discovery should be limited to its Emporia plant. *Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir.1975) remains a leading case in this area. *Naerebout*, at 3. Although a race discrimination case, *Rich* provides appropriate guidance here:

> the scope of discovery through interrogatories and requests for production of docu-

ments is limited only by relevance and burdensomeness, and in an EEOC [ (Equal Employment Opportunity Commission) ] case the discovery scope is extensive. This is a factor which the court should balance on the benefit side as against the burden to the defendant in answering the interrogatories. If the information sought promises to be particularly cogent to the case, the defendant must be required to shoulder the burden. There is a remedy of course, if the effort fizzles. The costs can finally be assessed to the interrogating parties.

522 F.2d at 343. The *Rich* court further noted that information, relevant in an EEOC case, is "equally relevant in a private action." *Id.* at 344. Corporate-wide discovery, furthermore, may be relevant in both individual and class action cases. *See id.*

■ In an individual case, however, the plaintiff must present a "serious allegation of particular company-wide discriminatory policies" or a "showing of the 'particularly cogent' character of the requested information." *See Heward v. Western Elec. Co.*, No. 83–2293, 1984 WL 15666, at *6 (10th Cir. July 3, 1984). In determining the geographic scope of discovery for non-class action complaints, the "most natural focus is upon the source of the complained discrimination—the employing unit or work unit." *Id.* (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir.1978)). In the context of an individual complaint, that focus may only be expanded when the plaintiff shows a "more particularized need and relevance." *Marshall*, 576 F.2d at 592 (citing *Rich*, 522 F.2d 333). Otherwise the court will deny the discovery request on grounds of undue burden and oppressiveness. *Id.*

■ Information which may establish a pattern of discrimination is discoverable, even when the action is for individual relief

---

**1.** Interrogatory 7 asks IBP to state whether it "compares or ranks it's [sic] plant for safety, workers' compensation cost expenditures, or any other reason." Subpart (b) asks for the identity of "all documents and the custodians of the same that pertain to such rankings."

**2.** Interrogatory 12 states: "With regard to defendant's policy on the return to work from injury

leaves, identify any and all persons who have been terminated, while on workers' compensation or injury leave, under such policy, for the years 1991, [sic] and 1992."

**3.** Request 6 seeks "all documents ... circulated among or directed management and which relate to the costs associated with workers' compensation claim [sic] for the years 1991 and 1992."

only. *Workman v. White Graphic Sys., Inc.,* No. 86–1049–T, unpublished op. at 3 (D.Kan. 1988) (citing *Johnson v. W.H. Stewart Co.,* 75 F.R.D. 541, 543 (W.D.Okla.1976)). "The quintessential relevancy inquiry is to determine whether the actions of the . . . facility with regard to plaintiff's employment are sufficiently akin to the . . . employment polic[ies] of [the] other facilities to be discoverable." *Id.* at 4.

▆▆▆ Corporate-wide information about the formation and setting of policy is generally relevant. *Naerebout,* at 6. Such relevancy does not normally extend, however, to the application of policy at plants other than where a plaintiff had worked. *Id.* When relevancy extends to other facilities, the court may deny such discovery on grounds of oppressiveness and undue burden. *Id.* (citing *Marshall,* 576 F.2d at 592). "An individual plaintiff must show a 'more particularized need and relevance,' or corporate-wide discovery will be denied." *Id.*

Plaintiff apparently concedes that Interrogatories 12 and 20 and Request 4 are overly broad to some extent. She attempts to limit them to the Emporia facility. The interrogatories and request, however, contain no such limitation. The court sustains the objection to the geographic scope of Interrogatories 12 and 20 and Request 4 in view of the self-imposed limitations placed upon them by plaintiff.

Plaintiff also attempts to limit Request 6 to the Emporia facility to some extent. In her reply memorandum, she claims that IBP

> has known that [Request 6] applies to the Emporia plant, not all plants. With the exception of corporate summaries relating to workers compensation, such as trends, etc., which may indicate the pressures that local plant management are under, all of [her] requests have been directed to the Emporia plant. Defendant should not exclude, however, corporate memos that may relate to trends in workers compensation at the Kansas plant which may reflect corporate pressure on the local plant management.

Request 6 seeks "all documents . . . circulated among or directed management and which

relate to the costs associated with workers' compensation claim [sic] for the years 1991 and 1992." As limited by plaintiff, Request 6 would apparently read: "all documents . . . circulated among or directed management *at the Emporia facility. . . .*" Plaintiff thus effectively concedes that Request 6 is overly broad. Accordingly, the court finds Request 6 overly broad to the extent it seeks documents solely circulated among or directed management at facilities other than Emporia.

▆▆▆ The court does not otherwise find Request 6 overly broad. That it may seek corporate documents "circulated among or directed management" at Emporia does not make it overly broad. The most obvious focus for the geographic scope of discovery in this case is the Emporia facility of IBP. The court will generally expand that focus only upon a showing of a more particularized need and relevance. Such a showing, however, is unnecessary with respect to Request 6. As modified, the request relates to the Emporia facility. In this case the court has noted that IBP has "corporate goals of maintaining workers' compensation costs at a set level." It has also recognized that IBP awards financial incentives to its managers for attaining such goals. (See Order of May 29, 1996, doc. 52, at 10.) Corporate documents which show trends relating to workers compensation at Emporia or which reflect corporate pressure on management at Emporia to meet workers compensation goals relate directly to the Emporia plant. That IBP created or maintained such documents at the corporate level does not expand the geographic scope of discovery beyond Emporia. Regardless of where they were created or maintained, such documents directly relate to actions of management at Emporia.

### *Confidentiality*

▆▆▆ IBP objects that Interrogatories 7(b) and 12 seek confidential information. Confidentiality may occasion a protective order, pursuant to Fed.R.Civ.P. 26(c), to restrict the use of requested information. Confidentiality, however, does not necessarily bar discovery. IBP has not adequately demonstrated that information responsive to In-

terrogatory 7(b) is confidential. The court overrules the objection.

■ IBP also objects that Interrogatory 12 invades the privacy rights of present and former employees and violates confidentiality rights under the Americans for Disability Act (ADA). That an interrogatory may invade the privacy rights of present or former employees of a party does not of itself make the interrogatory objectionable. Upon a proper showing of such invasion of privacy, the court can enter an appropriate protective order.

■ IBP has made no showing, however, of any invasion of privacy. Nor has it shown the requested information to be protected by the ADA. As this court previously informed IBP during a different action for employment discrimination, it finds nothing "to support the suggestion that the ADA would thwart legitimate discovery in pending litigation." *See Zapata*, 1994 WL 649322, at *4. Interrogatory 12 merely asks for the identity of persons terminated while on leave for workers compensation or injury. The court overrules the objections.

*Interrogatory 7*

Interrogatory 7 asks IBP to state whether it "compares or ranks it's [sic] plant for safety, workers' compensation cost expenditures, or any other reason." Subparts (a) and (b) respectively ask for the identity of "all persons involved in preparing such rankings" and "all documents and the custodians of the same that pertain to such rankings." IBP objects that subpart (b) is not reasonably calculated to lead to the discovery of admissible evidence, because plaintiff filed no workers compensation claim and was not tracked as a workers compensation injury or cost. It further objects that the interrogatory is overly broad, burdensome, and seeks confidential business information.

Without waiving the foregoing objections, IBP states that it will produce the following: redacted injury and illness reports for June through September 1992 for its Emporia facility and information about workers compensation case rates, injury restricted duty days, and lost days. It asserts that it knows of no other documents which compare its plants for safety or workers compensation costs for the 90 days it employed plaintiff at Emporia. It redacted information regarding its plants and facilities other than the one located in Emporia.

IBP objects that Interrogatory 7(b) is overly broad and unduly burdensome. Citing *Hill*, plaintiff nevertheless suggests that requests for comparative rankings are proper and that redacted documents produced by IBP do not satisfactorily answer the interrogatory. She claims a need for names of the workers to determine whether they were discharged because of injuries.

IBP contends Interrogatory 7(b) is clearly overly broad in that it inquires about documents pertaining to rankings of its plant for any reason. It explains that it is a nationwide company which performs numerous analyses of plant performance on nearly every aspect of operations and costs. It further contends that much of the requested information has no relevance to the claim of plaintiff for retaliatory discharge. It notes, furthermore, that the interrogatory is unlimited in subject matter, geographic scope, and time.

The court has found *Hill* not dispositive. That the court there found annual and monthly comparative safety and/or workers compensation information discoverable does not make such information discoverable in all situations. IBP objected to the request seeking the comparative information only on grounds of undue burden. IBP here raises other objections. *Hill* is distinguishable.

■ The court finds Interrogatory 7(b) overly broad and unduly burdensome on its face. A party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support. Interrogatory 7(b) seeks the identity of all documents "pertaining to" comparisons or rankings of the plants of IBP for "any ... reason." The latter clause makes the interrogatory so open-ended and overly broad that IBP cannot fully answer without undue burden.

Use of omnibus phrases such as "pertaining to," moreover, often makes an interrogatory overly broad and unduly burdensome on its face. Such phrases often require the

answering party to engage in mental gymnastics to determine what information may or may not be remotely responsive. In this instance the use of the phrase "pertaining to" makes Interrogatory 7(b) overly broad.

■ Despite valid objections to Interrogatory 7(b), IBP must answer to the extent it is not objectionable. *See* Fed.R.Civ.P. 33(b)(1). The court requires no answer, however, when an interrogatory is overly broad and unduly burdensome on its face, unless adequate guidance exists as to what extent the interrogatory is not objectionable. *See Nelson v. Telecable of Overland Park, Inc.,* No. Civ.A. 95–2007–GTV, 1996 WL 111250, at *2 (D.Kan. Feb. 29, 1996). To require an answer without such guidance typically involves an arbitrary determination by the court. The court strives to avoid arbitrariness.

To make an appropriate order, the court must define the extent to which the interrogatory is reasonably answerable and not objectionable. In some instances the parties may themselves define the appropriate boundaries of the discovery. In other cases the parties provide little if any guidance as to what extent an interrogatory is non-objectionable. Sometimes other matters of record may define the discoverability of certain information encompassed by the interrogatory. Reliance upon such sources can enable the court to fashion an appropriate order. In the absence of such definition or resource, the court declines to speculate as to what the limits of such an order should be.

The parties here have provided insufficient guidance to determine the exact extent Interrogatory 7(b) is not objectionable. IBP has agreed, however, to produce redacted injury and illness reports for June through September 1992 for its Emporia plant. It has also agreed to provide information about workers compensation case rates, injury restricted duty days, and lost days.

■ IBP apparently believes it can answer Interrogatory 7(b) by producing such information and reports. A party cannot generally answer an interrogatory, however, by producing documents. The exception to this general rule lies in Fed.R.Civ.P. 33(d).

Provided that IBP can satisfy the requirements of Rule 33(d), it may elect to produce its business records in lieu of answering Interrogatory 7(b). It must affirmatively state such election under oath in accordance with Fed.R.Civ.P. 33(b). The court, however, will not allow production of redacted materials in lieu of an answer for Interrogatory 7(b). IBP has demonstrated no need for redaction.

The court thus determines that Interrogatory 7(b) is at least not objectionable to the extent IBP can rely upon Fed.R.Civ.P. 33(b). IBP shall answer to that extent. It need not further answer.

*Interrogatory 12*

Interrogatory 12 states: "With regard to defendant's policy on the return to work from injury leaves, identify any and all persons who have been terminated, while on workers' compensation or injury leave, under such policy, for the years 1991, [sic] and 1992." IBP objects that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence in that plaintiff neither applied for nor received workers compensation or injury leave. It thus argues that the identity of persons who took such leave and whether they were terminated during such leave is irrelevant. It further asserts that the interrogatory implicates the privacy rights of its present and former employees. Lastly, it objects that the interrogatory is overly broad and burdensome, as the interrogatory is not limited to its Emporia plant.

Without waiving its objections, IBP states in response to the motion that it does not track the information requested, i.e. correlating terminations with whether the employee was on a workers compensation or injury leave. It asserts that to derive such information from its computer system would entail 30 hours of programming at $50 per hour. It suggests that the court should not impose such expense upon it.

Plaintiff says she seeks information only as it relates to the Emporia plant of IBP. She suggests that no ADA privilege exists. She asserts that treatment of other individuals is relevant to showing retaliation. She contends that discovery of the various "under-

handed" methods of termination utilized by IBP is proper. Citing *Zapata*, she contends that this court has rejected the objection of invasion of privacy rights under the ADA.

The court has already ruled upon the objections of irrelevancy, confidentiality, and geographic overbroadness. It sustained the objection based upon geographic overbroadness. IBP nevertheless retains the duty to answer the interrogatory to the extent not objectionable. Fed.R.Civ.P. 33(b)(1). The court thus considers the remaining objections to Interrogatory 12.

 The party resisting discovery has the burden to show the discovery to be overly broad or unduly burdensome. IBP states that obtaining information requested by Interrogatory 12 would require an expenditure of $1500 for 30 hours of computer programming. Such statement does not carry the burden of IBP. In most instances, answering interrogatories will entail some burden. The Federal Rules of Civil Procedure contemplate protection from undue burden. In *Hill* the court addressed the issue of undue burden with respect to IBP. The findings there appear pertinent to the present discovery dispute. The court stated:

> The motion, if granted, must necessarily impose upon the defendant the burden of making compilations of various employment records which are stored in its computer system, and among its files. The court is of the opinion that the defendant has the capability, through its staff of computer personnel and records custodians, of performing the compilations and making the analyses which are the subject of plaintiff's interrogatories and requests for production.
>
> ... Given the sizable resources of the defendant, one of the nation's largest processors of meat and meat products, as compared to those of the plaintiff, it does not seem to the court to be an undue burden on the defendant to assume the responsibility imposed by this order.

*Hill,* at 2–3.

IBP here has conceded that it has the capability to make the appropriate compilations necessary to answer Interrogatory 12.

The reasoning in *Hill* persuades the court that IBP can answer Interrogatory 12 without undue burden. The court notes, furthermore, that IBP calculated the time and expense necessary to answer the interrogatory on the basis of corporate-wide discovery. The court has sustained an objection, however, so as to confine the answer to information from the Emporia facility. The time and expense involved in answering the interrogatory should be less than that stated in response to the motion. The court overrules the objections that Interrogatory 12 is overly broad and burdensome. IBP shall answer Interrogatory 12 to the extent the interrogatory relates to its Emporia plant.

*Interrogatories 16 and 17*

Interrogatory 16 asks IBP to "[i]dentify all persons who have been interviewed by defendant or it's [sic] agents or attorneys in connection with the plaintiff's termination and the damages she claims thereby." Interrogatory 17 asks IBP to "[s]tate specifically all factual information obtained from any person identified in the previous interrogatory." Subpart (b) asks IBP to "[i]dentify all documents which relate to that factual information."

IBP objected to the interrogatories on grounds they seek work product. In response to the motion it further asserts objections based upon the attorney-client privilege. It claims to have produced a document which "clearly identifies those individuals involved in the termination decision." It also identifies the persons its attorneys and Equal Employment Opportunity compliance officer, Kristina Hoffman, have interviewed during the course of this case. It claims that the factual information obtained from these interviews is contained in its written response to the EEOC charge of discrimination and certain affidavits attached to a motion for summary judgment.

IBP stands by its objections of attorney-client privilege as to confidential communications between its attorneys and the interviewees, as well as its objections of work product with regards to notes taken by Ms. Hoffman. It asserts that Ms. Hoffman conducted her interviews in response to an EEOC charge of discrimination. It sug-

gests, therefore, that such interviews were taken in anticipation of litigation and that any notes of them would be work product. IBP suggests, furthermore, that plaintiff could have deposed the interviewees.

Plaintiff denies applicability of work product and privilege. She suggests that the answers and objections to the interrogatories contained in the response to the motion are untimely, insufficient, and not under oath or in the form of an answer to an interrogatory. She suggests, furthermore, that documents are not protected as work product when a non-attorney conducts interviews without apparent direction from an attorney. She asks that IBP answer these interrogatories with specific information learned from the interviews.

■■■■ IBP has not timely asserted the attorney-client privilege. Its responses to Interrogatories 16 and 17 mention only work product. Failure to timely assert an objection, even one of privilege, constitutes a waiver of such objection. Fed.R.Civ.P. 26(b)(5), moreover, states what a party must do to uphold an objection of privilege against discovery:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

IBP did not expressly make a claim of attorney-client privilege in its responses. It did not describe the nature of the information not disclosed in a manner which satisfies Rule 26(b)(5). "To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege." Fed.R.Civ.P. 26(b)(5) advisory committee notes (1993 Amend.) The court deems the attorney-client privilege waived as to Interrogatories 16 and 17.

The attorney-client privilege, furthermore,

only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney:

> "[T]he protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."

*Upjohn Co. v. United States,* 449 U.S. 383, 395–96, 101 S.Ct. 677, 685–86, 66 L.Ed.2d 584 (1981) (citation omitted). Interrogatories 16 and 17 do not transgress areas of inquiry protected by the attorney-client privilege. They seek only the factual information obtained from persons interviewed by IBP, identification of such persons, and identification of documents relating to the factual information.

■■■■ The objection of work product also fails. Within the meaning of Fed.R.Civ.P. 26(b)(3), work product refers to documents and tangible things, prepared in anticipation of litigation or for trial, and prepared by or for a party or by or for a representative of that party. *Jones v. Boeing Co.,* 163 F.R.D. 15, 17 (D.Kan.1995). Interrogatories, by their nature, do not seek documents or tangible things. It is inappropriate to raise an objection of work product against interrogatories, which do not include a request for production of documents.

[T]here is a distinction between documents that a party has assembled and the facts that he has learned from those documents. "The courts have consistently held that the work-product concept furnishes no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he has learned such facts, or the existence or nonexistence of documents, even though the documents themselves may not be subject to discovery."

*Casson Constr. Co. v. Armco Steel Corp.*, 91 F.R.D. 376, 385 (D.Kan.1980) (quoting 8 Charles A. Wright et al., *Federal Practice and Procedure* § 2023 (1970 & Supp.1978)).

IBP shall fully answer Interrogatories 16 and 17. It has stated no valid objection to them.

*Interrogatory 20*

Interrogatory 20 reads: "Of the employee [sic] ineligible for rehire for the years 1991 and 1992, state what percent of these employees had any injury of some kind on the job prior to becoming ineligible for re-hire [sic]." IBP objects that the interrogatory is not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information company-wide and for time periods when it did not employ plaintiff.

The court has already ruled upon the objections to the geographic and temporal scope of the interrogatory. It has sustained the objection to the geographic scope. IBP, nevertheless, retains the duty to answer Interrogatory 20 to the extent it is not objectionable. Fed.R.Civ.P. 33(b)(1). The court thus addresses the remaining objections to the interrogatory.

■ IBP objects in its response to the motion that the interrogatory is not limited to probationary employees, such as plaintiff. It further objects in the response that its termination reports contain confidential information about its former employees. The court overrules these objections as untimely. Parties must raise their objections to discovery when they answer or respond to such discovery.

■ The untimely objections, furthermore, appear invalid. That Interrogatory 20 is not limited to probationary employees is immaterial. If the motive or intent of a former employer is at issue, such as it is in this action for retaliatory discharge, plaintiff may obtain discovery concerning its conduct towards other employees. *Spulak*, 894 F.2d at 1156. The court has already noted that confidentiality does not defeat discovery. It finds no occasion for a protective order. IBP has shown no need for such an order.

■ IBP also objects that the interrogatory is unduly broad and burdensome, oppressive, and unreasonably requires it to perform statistical calculations for plaintiff. Without waiving its objections, it states "that it cannot answer this interrogatory even as to the Emporia plant because this is not information which is tracked by defendant and because records are not maintained on this subject."

The court does not find it unduly burdensome for a defendant with the sizable resources of IBP to perform a statistical analysis. *See Hill*, at 2–3. IBP has a staff of computer specialists capable of programming its computers to manipulate the data therein contained. *Id.* The court overrules the objection.

Before considering whether Interrogatory 20 is unduly broad and burdensome, or oppressive, the court considers the contention that IBP cannot answer, even with respect to its Emporia facility. It supports that contention with an affidavit of Roger Brownrigg, Complex Personnel Manager for its Emporia plant. He states that he has "personal knowledge of the records maintained by IBP for the Emporia facility with regard to personnel matters, including terminations of employees." He avers that IBP keeps no statistical or computer information regarding persons determined ineligible for rehire. He further states that an answer would require manual review of personnel files or termination reports for approximately 3000 employees. He says that IBP "does not maintain records for the Emporia facility that would show the percentages of terminated employees who had sustained work-related injuries. IBP does not track such information or otherwise correlate terminations with on-the-job injuries." (See Aff. of Brownrigg, attached to Def.'s Brief in Opp'n to Pl.'s Mot. To Compel, doc. 37.) IBP suggests, furthermore, that production of 3000 termination reports is unreasonable.

To counter these statements, plaintiff has provided the termination report she received from IBP. It contains a box checked "No" after the phrase "Eligible for Rehire." (See Mem. In Supp. of Pl.'s Mot. To Compel, doc. 35, first attachment.) Plaintiff suggests that

this report demonstrates that IBP maintains information from which it can answer Interrogatory 20. She suggests that she could determine whether IBP engaged in a pattern and practice of discrimination by examining all such reports for the two-year period requested. She suggests that IBP provide all termination reports for those injured on the job, so that she can conduct such examination. She contends that IBP can easily identify such reports from information existing on its computer system. She suggests that it would be simple to assemble this information. She compares Interrogatory 20 to Interrogatory 3 in *Hill* which the court ordered IBP to answer.

Plaintiff notes, furthermore, that IBP found and produced appropriate termination reports when it responded to her complaint filed with the EEOC. (See Letter from Hoffman to Douglas of 7/6/93, attached to Pl.'s Reply To Def.'s Response To Mot. To Compel, doc. 41.) She argues that the computer system of IBP can find essential information, such as eligibility for rehire. She questions how Ms. Hoffman obtained the termination reports provided to the EEOC. She suggests that injury and illness reports produced by IBP indicate that it maintains computer statistics on injuries and terminations. She notes that IBP, in *Zapata*, provided the same information requested here.

IBP states "that it cannot answer this interrogatory even as to the Emporia plant because this is not information tracked by [it] and because records are not maintained on this subject." It appears, however, that IBP does keep records of who is and is not eligible for rehire. The termination report of plaintiff and the reports attached to the letter responding to the EEOC complaint so indicate. The statement of IBP apparently means, therefore, that it does not track the requested percentage or maintain records revealing such percentage. If so, defendant misses the point. If IBP maintains records which enable it to calculate the requested per cent, it has sufficient information to answer the interrogatory.

The Affidavit of Mr. Brownrigg, moreover, does not indicate an inability to answer the interrogatory. He avers that IBP keeps no statistical or computer information regarding persons determined ineligible for rehire. He further states that defendant does not maintain records showing the requested percentage. He also avers that IBP does not track such information or otherwise correlate terminations with injuries. One can reasonably infer from these affirmations that IBP indeed keeps non-statistical or non-computer information regarding ineligibility for rehire. The termination reports already produced bear this out. That IBP does not maintain records showing the requested percentage does not persuade the court that IBP cannot answer Interrogatory 20 as to the Emporia facility. The court notes, furthermore, that the personal knowledge of Brownrigg is limited to the Emporia plant of IBP. The affidavit is, therefore, of questionable persuasive value as to records kept by corporate IBP.

The provided affidavit lends better support to a finding that IBP cannot answer the interrogatory without undue burden. As the party resisting discovery, IBP has the burden to show the requested discovery to be overly broad, unduly burdensome, or oppressive. Mr. Brownrigg avers that answering Interrogatory 20 for the Emporia plant would require manual review of some 3000 files or termination reports. IBP, furthermore, states in its response to the motion that it would be unreasonable to produce 3000 termination reports, because plaintiff cannot obtain an adequate answer from such reports alone. It claims that the reports reflect no injuries. To determine injuries, it claims one would have to look to "other records, dispensary files, etc."

The court will consider the objections that Interrogatory 20 is unduly broad and burdensome, or oppressive, in view of the support given them here. It has already ruled that Interrogatory 20 is distinguishable from the discovery at issue in the discovery orders of *Zapata*, *Hill*, and *Naerebout*. It found those orders not dispositive here. The court in *Zapata* overruled unsupported objections of undue burden. IBP has given some support for its present objections.

As phrased, an answer to Interrogatory 20 would entail an extensive search into on-the-

job injuries of those employees later determined to be ineligible for rehire. The interrogatory is not limited to any specific type or degree of injury. Injury is defined as "an act that damages or hurts" or "hurt, damage, or loss sustained." *Webster's Ninth New Collegiate Dictionary* 623 (1988). At its extreme, one could reasonably read Interrogatory 20 as requiring responsive information on employees who stubbed their toe or experienced a minor paper-cut or abrasion while on the job. Such an interrogatory is beyond the reasonable bounds of discovery. Under the layman's meaning of injury, it would impose an undue burden upon IBP to require a full answer to Interrogatory 20.

■ In the context of this case, however, it is more reasonable to assume injury to mean an injury within the meaning of the appropriate workers compensation statute, rather than the word's more common meaning. The Kansas Workers Compensation Act defines "personal injury" and "injury" as

> any lesion or change in the physical structure of the body, causing damage or harm thereto, so that it gives way under the stress of the worker's usual labor. It is not essential that such lesion or change be of such character as to present external or visible signs of its existence.

K.S.A. 44–508(e) (1993 & Supp.1995). Under this definition of injury, the court does not find Interrogatory 20 overly broad for failure to limit it to a specific type or degree of injury. The context of the case places appropriate limits on the interrogatory.

■ Answering the interrogatory would, nevertheless, entail manual analysis of thousands of employee personnel files. Requiring such analysis creates an undue burden. *See Hill,* at 4 (finding an interrogatory unduly burdensome because the requested information was not entirely stored within the computer system of IBP and would require manual analysis of thousands of files).

Plaintiff has suggested a mode of answering the interrogatory, however, which would alleviate that burden. She has volunteered to undertake the analysis herself, if IBP will provide the documents. IBP contends that approximately 3000 termination reports, as well as records and dispensary files for 3,000 former employees would be necessary to conduct the analysis contemplated by Interrogatory 20. It suggests that producing such documents is unreasonable. It has not, however, shown such production to be unduly burdensome.

This court has previously ordered IBP to produce, over unsupported objections of undue burden, "[a] complete copy of all dispensary records" for a five-year period for employees of IBP at Emporia and Garden City, Kansas. *See Zapata,* at *2–4, 15. The court does not find such production and that of records and termination reports for approximately 3000 former employees to be on its face unduly burdensome. Under certain circumstances Fed.R.Civ.P. 33(d) allows a party answering an interrogatory to elect to produce its business records in lieu of answering. Plaintiff has basically suggested that IBP make such election. She has volunteered to undertake the analysis necessary to answer the interrogatory. IBP has demonstrated no reason that it cannot avail itself of the procedure offered by Rule 33(d) to alleviate the burden of which it complains. Accordingly, the court overrules the objection of undue burden to Interrogatory 20. IBP shall answer the interrogatory as limited to its Emporia facility.

*Request 4*

Request 4 seeks "all safety goal documents . . . for the time period 6–24–92 to 9–21–92." IBP objects that the request is irrelevant in that plaintiff filed no claim for workers compensation and had no involvement in a safety incident. It also objects that the request is vague for failing to define "safety goal documents." It further objects that the request is unduly broad and burdensome to the extent it seeks documents which relate to its facilities other than the one located in Emporia.

Without waiving its objections, IBP has agreed to produce redacted aging reports for the Emporia facility for the time-period beginning June 1992 and ending September 1992. These aging reports identify all workers compensation injuries or illnesses at Emporia for the specified time period, with certain goals or reserves for payment of

compensation. The redactions relate only to the names of the injured persons and the claim number. Such redactions reportedly were necessary for privacy and confidentiality reasons. Subject to a protective order limiting use of documents to this litigation only, IBP is willing to produce copies of the only other documents which reference "safety bonuses" and the "safety committee" at Emporia during the tenure of plaintiff there.

Plaintiff states that Request 4 seeks records relating to safety goals for the Emporia plant. She is not satisfied with the production offered by IBP. She asserts that IBP has offered no satisfactory explanation for the redactions. She contends a protective order, furthermore, is unwarranted. She asserts that IBP has not shown good cause for such protection. She argues, furthermore, that the safety goal records or minutes of meetings of IBP are the very documents which show how IBP incites its supervisors to fire employees when goals for reducing workers compensation costs are not met. She defines such information as "the documentary prods used by management to goad supervisors into compliance by meeting 'safety' quotas." She asserts that there was extensive inquiry into this area in the trial of *Ortega v. IBP, Inc.* Citing *Hill,* she further asserts that the court has previously ordered IBP to produce this information in another case.

The court has found *Hill* not dispositive of the present discovery dispute. It has also ruled upon the objections to the geographic scope and relevancy of Request 4. It has sustained the objection to the geographic scope. IBP nevertheless must produce responsive documents, to the extent the request is not objectionable. *See* Fed.R.Civ.P. 34(b). The court, therefore, considers the remaining objections to Request 4.

■■■ The court overrules the objection that Request 4 is vague and ambiguous. The party resisting discovery has the burden to demonstrate the validity of such objections. *See Audiotext Communications Network, Inc. v. US Telecom, Inc.,* No. Civ.A. 94–2395–GTV, 1995 WL 625953, at *2 (D.Kan. Oct. 5, 1995). IBP has not carried that burden. Although the interrogatory could perhaps

have been more artfully worded, the phrase "safety goal documents" does not appear vague or ambiguous. Plaintiff clarifies the request, moreover, in its supporting memoranda.

■■■ IBP shall produce all responsive aging reports for the Emporia facility. It shall also produce all responsive documents for the Emporia facility, which refer to "safety bonuses" or the "safety committee." These documents would include minutes or notes of safety committee meetings. At least to that extent, Request 4 is not objectionable. The production for Request 4 shall not be redacted. IBP has shown no good reason for redaction. Nor has it shown good cause for characterizing the information as confidential or private or for limiting its use to this lawsuit. It has not met the burden to show good cause for a protective order.

*Request 5*

■■■ Request 5 seeks "all comparative plant safety and/or workers' compensation documents relating to costs and showing the rankings of the Emporia plant for the years 1991 and 1992." IBP objects that this request is irrelevant in that plaintiff filed no claim for workers compensation and had no involvement in a safety incident. It further objects that the request is unduly broad and burdensome. It explains that for every workers compensation claim filed, there would be documents relating to indemnity costs and medical bills provided by it. It asserts that there are thousands of claims filed company-wide each year.

Without waiving its objections, IBP agrees to produce redacted injury and illness reports for June through September 1992, which provide information about workers compensation case rates, injury restricted duty days, and injury lost days for the Emporia facility. It redacted information concerning other plants and facilities claimed not to be material here. It states that it knows of no other documents that compare its plants for safety or workers compensation costs for the time-period it employed plaintiff.

In her supporting memorandum, plaintiff states that she seeks the same ranking charts ordered produced in *Hill*. She asserts that the redacted documents produced are insufficient. She explains that responsive documents would show the relative ranking of the Emporia facility as it compares to other facilities. She claims such comparison will show whether the Emporia plant keeps its costs below those of other facilities of defendant. Her argument further suggests the comparisons may lead to discovery to show that management at Emporia is either efficient or retaliatory. Plaintiff claims IBP produced a partial version of responsive information in *Zapata*. She claims that Judy Spilde, in-house corporate workers compensation manager for IBP, testified upon deposition that reports comparing plants under the "safety" system exist and are appended to the "safety" reports.

That plaintiff has filed no claim for workers compensation does not make Request 5 irrelevant. That she has been involved in no safety incident also does not make the request irrelevant. The court finds no relevance, nevertheless, in documents merely showing cost comparisons of the facilities of defendant. Too many factors enter into such comparisons to make their production reasonably calculated to lead to the discovery of admissible evidence. The Emporia facility may rank either first or last in costs either with managers who retaliate or those who never have retaliated against anyone. Plaintiff could inquire about the propensities of management, regardless of the ranking of the Emporia facility.

The court has found *Hill* not dispositive of the issues in this case. In *Hill* IBP raised no objection to the relevancy of the request. It has raised such an objection here. *Hill* is thus distinguishable. The court need not address the remaining objections to Request 5. When requested documents are irrelevant, the court will order no production. IBP need not produce any documents in response to Request 5.

*Request 6*

Request 6 seeks "all documents ... circulated among or directed management and which relate to the costs associated with workers' compensation claim [sic] for the years 1991 and 1992." IBP objects that this request is irrelevant in that plaintiff filed no claim for workers compensation. It further objects that the request is unduly broad and burdensome in that it is not geographically limited to Emporia or temporally limited to the time-period it employed plaintiff. Despite these objections it has agreed to produce redacted aging, illness, and injury reports for its Emporia plant for June through September 1992. It claims that it has located no other documents for Emporia for that time period.

Plaintiff claims that managers and safety coordinators of IBP have lists of employees on workers compensation reports. She suggests that such lists may show anticipated claims. She asserts that circulation of her name on such a list detracts from the defense of IBP that it did not know she was injured on the job. Citing *Hill*, 881 F.Supp. at 525 and *Chaparro*, 873 F.Supp. at 1471, she suggests that the court has used information similar to that which is responsive to Request 6 as a basis for believing a causal connection exists between distribution of injury/dollar information and retaliation. She limits the request to Emporia. She asserts, however, that Request 6 encompasses corporate memos that may relate to trends in workers compensation at Emporia, which may reflect corporate pressure on management at Emporia.

The court has ruled upon the objections of irrelevancy and temporal and geographic overbroadness. To some extent, it sustained the objection that Request 6 is geographically overly broad. IBP nevertheless must produce responsive documents to the extent the request is non-objectionable. Inserting the phrase "at the Emporia facility" after the word "management" makes Request 6 non-objectionable. IBP shall produce all documents responsive to Request 6 as modified.

*Request 7*

Request 7 seeks "all documents ... pertaining to or any related to the illumination of the management bonus incentive plan." IBP objects that the request is irrelevant and unduly broad and burdensome in

that it seeks information from plants other than the one located in Emporia and for time-periods other than when it employed plaintiff. It nevertheless agrees to produce copies of any documents relating to the management bonus incentive plan that was in effect at the Emporia plant during the tenure of plaintiff. It conditions such production upon the entry of a protective order limiting the use of such documents to this litigation.

Plaintiff asserts that she needs the requested documents to establish a change, if any, in the bonuses paid. She suggests that such change may have caused managers of IBP to discriminate against potentially injured employees who were viewed as obstacles to obtaining said bonuses. She suggests that responsive documents may be specific to Emporia or corporate-wide. She further suggests that IBP has shown no good cause for a protective order. She claims, furthermore, that limiting production to the time of her employment wrongfully prohibits her from learning about the evolution of the program and whether IBP has eliminated it.

IBP has agreed to produce copies of documents relating to the plan in effect at Emporia during the employment of plaintiff. The court finds Request 7 not objectionable to that extent. It otherwise finds the request overly broad on its face. The request utilizes omnibus phrases, such as "pertaining to" and "related to." In response to Request 7, IBP need produce only those documents it has agreed to produce.

IBP conditions its agreement to produce upon the entry of a protective order. It has not shown good cause for such an order. The court will not limit the use of produced documents to this litigation. IBP shall nevertheless produce the agreed copies. Request 7 is not objectionable to that extent. IBP, therefore, has a duty to produce such documents independent of its agreement.

### Request 8

■ Request 8 seeks "[y]ear-to-date injury and illness report rate summaries for 1991 and 1992 for the IBP Emporia plant." IBP answers with: "In process of determining if such documents still exist. If such documents are located, will determine whether any privilege and if so, will supply privilege log." In response to the motion, IBP states that it has no objection to producing responsive documents in a redacted form for the period it employed plaintiff. It also states that to the extent plaintiff seeks information for any other time-period or for plants other than Emporia, it objects on grounds of relevancy, broadness, and burdensomeness.

Plaintiff asserts that the redactions and limitations placed upon the request by IBP are improper. She suggests that IBP produce unredacted, responsive documents for the time period requested.

The Federal Rules of Civil Procedure provide a period of thirty days in which to object to a request for production. *See* Fed. R.Civ.P. 34(b). The Rules do not provide for the reservation of objections as IBP attempted to do here. Within the thirty days allotted by Fed.R.Civ.P. 34(b), defendant should have stated its objections or sought an extension of time to respond. It did neither. The court deems the objections untimely and waived. IBP shall produce all documents responsive to Request 8 in unredacted form.

### Requests 9 and 10

■ Request 9 seeks "all documentation kept by Emporia IBP or its parent company for the years 1991 and 1992 which show the percentage of employees ineligible for rehire that had an injury of some kind on the job prior to being ineligible for rehire." Request 10 seeks "all documents kept by Emporia IBP or its parent company for the years 1991 and 1992 that would show the percentage of terminated employees who were injured on the job prior to termination." IBP responds to both requests with: "No such records are maintained and no such information is tracked." It provides the affidavit of Mr. Brownrigg to support its response. It states that it has no obligation to create documents or undertake statistical analysis on behalf of plaintiff. It points out that the requests ask for documents "kept" by it. It asserts that it does not create, maintain, or keep such documents.

Plaintiff suggests that responsive information exists. She contends that IBP produced it in *Zapata.* Citing *Hill,* she suggests that Judge Van Bebber compelled the same infor-

mation from the staff of computer specialists of IBP. She suggests that the affidavit of Brownrigg is meaningless, because the affidavit speaks only about statistics maintained at Emporia, whereas the information exists at the corporate level. She suggests that IBP admitted to Judge Van Bebber that all records it now objects to producing were available and produceable in *Hill*.

The court has already found *Hill* and *Zapata* nondispositive. The response of IBP appears sufficient. Plaintiff asks for documents which "show" or "would show" certain percentages. IBP has stated that it has no such documents. The court declines to compel production of documents which are not within the possession, custody, or control of the responding party. If plaintiff wanted documents from which such percentages could be calculated, then she should have tailored her requests to that effect. The court will require no further response to Requests 9 and 10.

*Sanctions*

Plaintiff wants the court to sanction IBP for asserting known, meritless objections and evasive responses. She also suggests that the court sanction IBP for producing redacted documents. She contends that such actions have frustrated meaningful discovery. She further suggests that the court strike defendant's brief on summary judgment, because IBP has refused meaningful discovery. She claims she could have used information responsive to Interrogatories 16 and 17 to respond to the motion for summary judgment had she had adequate answers. She also seeks her costs and expenses incurred upon her motion to compel.

The court has sustained in part and overruled in part the motion to compel of plaintiff. With respect to the imposition of costs and expenses incurred upon the motion, Fed. R.Civ.P. 37(a)(4)(C) provides that "the court may ... apportion reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Fed. R.Civ.P. 26(g), furthermore, provides for "an appropriate sanction," when a party, without substantial justification, propounds a discovery request or raises an objection that is:

(A) not consistent with the Federal Rules of Civil Procedure or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B) interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; or

(C) unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.

█ Justice requires that each party be responsible for its own costs and expenses incurred upon the motion. Both parties took legitimate positions on the motion. Neither party, furthermore, has provided sufficient facts to sanction the other pursuant to Rule 26(g). The court, moreover, knows of no definite conduct sanctionable under that Rule.

For the foregoing reasons the court sustains in part and overrules in part Plaintiff's Motion To Compel (doc. 34). Defendant IBP shall answer Interrogatories 7(b), 12, 16, 17, and 20, as directed herein, by June 20, 1996. By that same date, IBP shall produce all documents responsive to Requests 4, 6, 7, and 8, as directed herein. Such production shall take place at the offices of counsel for plaintiff located at 100 Security Bank Building, 707 Minnesota Avenue, Kansas City, Kansas, or at any other location agreed upon by the parties.

IT IS SO ORDERED.