United States Court of Appeals,

Fifth Circuit.

No. 93-3110.

Shelby REED, Plaintiff,

Richard H. Barker, IV, Movant-Appellant Cross-Appellee,

v.

IOWA MARINE AND REPAIR CORP., Defendant-Appellee Cross-Appellant.

March 14, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before POLITZ, Chief Judge, KING and GARWOOD, Circuit Judges.

POLITZ, Chief Judge:

Richard H. Barker IV, Esq. appeals the district court's inherent power assessment of personal sanctions totaling $38,770.94 for the tardy filing of supplemental answers to interrogatories, 143 F.R.O. 648. Finding an abuse of discretion, we reverse.

*Background*

The instant dispute arises out of a personal injury lawsuit filed by Barker for the plaintiff Shelby Reed. The case was referred to Barker by Ron Menville, an out-of-town attorney. Reed filed the complaint and routinely handled interrogatories propounded by the defendant. Menville engaged John Gibson, an attorney in Reed's hometown of Monticello, Arkansas, to assist Reed in understanding and answering the interrogatories. Contrary to the factual scenario Reed told Barker, as reflected in the initial answers to interrogatories, Reed actually had been treated by over 100 doctors for job-related injuries and he had sued at least ten

former employers, collecting over $150,000 in settlements.

The truth emerged at a deposition of Reed taken by Iowa Marine's counsel. That deposition was scheduled after defense counsel amassed critical information, aided by Barker who routinely had secured and furnished Reed's written consent for defense counsel to get material records. The information thus secured by defense counsel was supplemented by data about prior claims otherwise available to the defendant and its insurer. During the course of the deposition in April 1991, when confronted with specifics, Reed admitted to a significant number of undisclosed prior injuries and lawsuits that the defendant had uncovered. At the conclusion of the deposition, counsel for Iowa Marine requested "that the answers to defendant's Interrogatories be updated and be more accurate please." Barker immediately responded "Certainly."

After the deposition, Barker asked Reed why he previously had not revealed the prior injury/claim information, and he asked about any other omissions. Reed responded that Menville had told him that previous injuries would not preclude recovery in this case, a statement he understood as advising that such injuries were irrelevant. Reed assured Barker, however, that during the deposition he had been forthright about all of his earlier omissions. Barker promptly telephoned Menville who confirmed the substance of Reed's explanation. Thereafter, believing Reed had no additional relevant information beyond that admitted at the deposition, of which the defendant obviously was aware, Barker did not file supplemental answers until August 1991 when he did so in

2

response to Iowa Marine's Motion to Compel.  The responses then made were based on data developed during the deposition and taken from defendant's motion for summary judgment.  All of this information was in the defendant's possession before filing the motion to compel.  The case routinely proceeded to trial.[1]

At conclusion of the trial, during which Reed's credibility obviously was a major issue, the jury found for the defendants. Iowa Marine then sought sanctions totaling over $60,000, complaining of Barker's bad faith and dilatory response to its request for supplemental answers to the interrogatories.  After two hearings the district court found no Fed.R.Civ.P. 11 violation and no 28 U.S.C. § 1927 violation of the prohibition against vexatious litigation.  Exercising its inherent power, however, it levied sanctions in the amount of $38,770.64 against Barker personally for ostensible bad faith violations of Fed.R.Civ.P. 26(e)(2) & (3).[2] Both parties timely appeal, Barker seeking relief from judgment, Iowa Marine seeking the entire amount of its sanctions claim.

### *Analysis*

We review the imposition of sanctions for an abuse of discretion.[3]  In this analysis we are mindful that a "district

---

[1]Iowa Marine sought summary judgment on all issues.  The court granted summary judgment on the maintenance and cure claims but denied it as to the rest of Reed's claims, referring those to trial.

[2]The applicable version of Rule 26(e) is the text as amended in 1987.  The most recent amendments to Rule 26 were not in effect for the relevant period herein.

[3]*National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976);  *Batson v. Neal*

3

court necessarily would abuse its discretion if it imposed sanctions based upon an erroneous view of the law or a clearly erroneous assessment of the evidence."[4] We are mindful that the threshold for the use of inherent power sanctions is high. Indeed, the Supreme Court has cautioned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."[5] We find the mandated restraint lacking herein.

In a nutshell, the district court found that "Barker acted in bad faith in his failure to supplement his responses to interrogatories for three and one-half months after agreeing to do so, and after having learned of the facts that activated his duty to do so." Barker insists that he did not violate Rule 26(e) or act in bad faith.

*Rule 26(e) Violations*

Fed.R.Civ.P. 26(e)(2) requires counsel to supplement seasonally any discovery response "if the party obtains information upon the basis of which (A) the party knows that the response was incorrect when made, or (B) the party knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment." Rule 26(e)(3) states that "[a] duty to supplement responses may be imposed by ... agreement of the

---

*Spice Assoc.,* 805 F.2d 546 (5th Cir.1986).

[4]*Smith v. Our Lady of the Lake Hosp., Inc.,* 960 F.2d 439, 444 (5th Cir.1992).

[5]*Chambers v. Nasco, Inc.,* 501 U.S. 32, ---- - ----, 111 S.Ct. 2123, 2132-33, 115 L.Ed.2d 27 (1991).

parties." Barker earnestly maintains that he did not violate either provision of this Rule.

Neither subpart of Rule 26(e)(2) requires a party to amend unless one obtains information reflecting that a prior response is incorrect. The 1993 recasting of Rule 26(e) makes clear that a party has a duty to supplement discovery responses only if the additional information has not otherwise been made known to the other parties during the discovery process.[6] There is nothing in the language or history of the controlling version of Rule 26(e) which militates in favor of a contrary conclusion.[7] Therefore, to establish that Barker violated Rule 26(e) and that the sanctions were warranted and within the district court's sound discretion, Iowa Marine had to show: (1) Barker actually was aware that his client's discovery responses were incorrect, and (2) he did not seasonably inform, (3) an unknowing Iowa Marine. No such showing was made. The reason is apparent; none could be made herein.[8]

---

[6]While the term "party" includes both client and attorney, the duty to amend only binds individuals who become aware of errors in previous discovery responses. Here, although Reed knew of the facts in question and concealed them, Barker did not. *See Chambers,* 501 U.S. at ----, 111 S.Ct. at 2133 ("if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the *responsible party* ") (emphasis added). We do not address the appropriateness of sanctions against Reed or Reed's out-of-state attorneys. We merely find same inappropriate as to Barker.

[7]*See* Fed.R.Civ.P. 26(e)(2) (1993). *Cf. Wright & Miller* § 2049 at 324 ("not under a duty to amend his responses ... [if] the change in conditions that has made his answer no longer accurate is known to his opponent").

[8]Indeed supplemental responses herein, in light of Reed's deposition admissions, might largely be viewed as a duplicative,

The record contains no support for any suggestion that Barker became aware of Reed's "inaccuracies" prior to Reed's admissions during his deposition. Thereafter Barker obviously knew that the original interrogatories were inaccurate, but so did defense counsel who actually knew that before, at least in major part. As to Barker's knowledge after the deposition, Reed offered an explanation for his previous omissions which were confirmed by forwarding counsel, and Reed assured Barker that he had now provided Iowa Marine with complete and correct information. Barker attests that he believed these representations until he received Iowa Marine's summary judgment motion and its further disclosing of Reed's dishonesty. Thus, for the period prior to Iowa Marine's July 1991 summary judgment motion, there is no evidence whatever that Barker withheld *anything* he knew in violation of Rule 26(e)(2). Neither is there any suggestion that at any point after the filing of the summary judgment motion Barker became aware of further omissions which he would have been obliged to reveal to Iowa Marine. In sum, the district court's sanctions order was based on an erroneous view of the law and, under the correct construction of Rule 26(e)(2), there is insufficient evidence to support that order. Accordingly, the district court's imposition of sanctions was an abuse of the court's discretion.

Iowa Marine points to Barker's post-deposition 26(e)(3) agreement to supplement his initial interrogatory responses. Neither Barker's immediate response of "certainly" to defense

wasteful exercise.

6

counsel's request for supplementation, nor the permissive terms of Rule 26(e)(3) support Iowa Marine's suggestion that Barker agreed to reveal more than he learned from the deposition and his post-deposition discussion with Reed and referring Arkansas counsel.

Our reading of Rule 26(e)(2) and (3) is consistent with the Rule's basic purpose of preventing prejudice and surprise,[9] neither of which occurred in the case at bar. There is no evidence that at any point in these proceedings Barker was aware of any information which Iowa Marine did not already possess. By the time of Reed's deposition, Iowa Marine knew most of the information in question. Defense counsel knew far more than Barker did. The remainder of the information for which Barker was sanctioned for delaying was in Iowa Marine's hands by the time of its July 1991 summary judgment motion and motion to compel, months before trial. On these facts, the defendant could not have been caught unprepared due to any delay by Barker. There manifestly was no prejudice or surprise. The purposes of Rule 26(e) were not frustrated by Barker's conduct.

One final note: at direction of referring counsel Menville, John Gibson, an Arkansas attorney, assisted Reed in writing the answers to the interrogatories and forwarded them to Barker for typing in proper form and filing. Barker merely sent a copy of the interrogatories to Reed through Gibson, asking that they make certain that the interrogatories were fully answered. He then

---

[9]*Halpern v. John Menville Sales Corp.*, 737 F.2d 462 (5th Cir.1984) (standard under Rule 26(e) is whether the party was "prejudicially surprised").

7

typed and distributed the responses. The preparation of the substance of the answers to the interrogatories was entrusted by the original forwarding attorney, who actually tried the case, to an attorney other than Barker. Barker did not act unreasonably in relying on Menville and Gibson and their investigation of Reed's claims. We previously have held that "an attorney receiving a case from another attorney is entitled to place some reliance upon that [referring] attorney's investigation."[10] That proposition holds doubly true in the instant case.

Finally, the district court's order implies that Barker had a further duty to investigate Reed once he was put on notice that his client had been less than forthcoming. There is, of course, a Rule 11 duty to investigate, which attaches on signature of a pleading. The district court rightly recognized that this duty is limited to pleadings and explicitly rejected Rule 11 as the basis for sanctioning Barker. Neither the district court nor Iowa Marine cites any authority for the proposition that Rule 26(e) creates a new and greater duty to investigate. We are aware of none.

Capsulating, Reed gave an untruthful version of his medical and litigation history both to Barker and to Iowa Marine. At deposition, Reed admitted to untruths in his interrogatory answers but gave Barker an explanation for same which was confirmed by forwarding counsel. While we obviously would encourage Barker to do more next time in instances such as here presented, including withdrawing from the case, we are not prepared to create out of

---

[10]*Our Lady of the Lake,* 960 F.2d at 446.

whole cloth an expansive Rule 26 duty to investigate and, *ex post facto,* sanction Barker thereunder.  We therefore conclude that under the relevant and controlling rubrics, Barker's conduct did not warrant the imposition of sanctions.

The judgment of the district court is REVERSED.