**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10800

UNITED STATES OF AMERICA,

Plaintiff,

VERSUS

TERRY LYNN REED, also known
as Terry Miller, also known as TR,

Defendant,

and

JENNIFER BOLEN,

Appellant.

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth Division
(4:95-CR-074-Y)
January 7, 1997

Before WISDOM, DAVIS, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:[1]

Assistant United States Attorney Jennifer Bolen appeals the district court's order sanctioning her for gross prosecutorial misconduct. We affirm.

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

BACKGROUND

A grand jury indicted Defendant Terry Lynn Reed in two separate cases for various drug offenses. Shortly thereafter, AUSA Bolen entered into plea-bargain discussions with Joe Lobley, Reed's court-appointed counsel. These discussions soon fell apart, and pursuant to Lobley's request, the district court held a hearing on June 15, 1995, to determine whether to sanction Bolen for her actions in attempting to secure a plea bargain. Based on testimony adduced at the hearing, the court found that Bolen had: (1) discussed the proposed plea agreement with Reed in Lobley's absence; (2) instructed law enforcement agents to speak with Reed outside Lobley's presence; and (3) threatened Lobley that if he did not proceed with the plea as she saw fit, she would inform the court--as she later did, with no foundation other than inference and assumption--that Reed wanted a new lawyer. The court concluded that "the record paints a picture of a prosecutor determined to obtain a guilty plea from the defendant, even if through improper means," and held that Bolen had violated Texas Disciplinary Rule of Professional Conduct 4.02(a).[2] Purporting to use its supervisory powers, the court sanctioned Bolen in the amount of $500.00. Bolen

_____

[2]Rule 4.02(a) provides, in pertinent part:
[A] lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person . . . the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.
Tex. Disciplinary R. Prof. Conduct 4.02(a) (1996).

2

unsuccessfully moved for rehearing, and she now appeals.

DISCUSSION

We review a court's imposition of sanctions under its inherent powers for abuse of discretion. Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991); McGuire v. Sigma Coatings, Inc., 48 F.3d 902, 906 (5th Cir. 1995). Because of their potency, "inherent powers must be exercised with restraint and discretion," and "the threshold for the use of inherent power sanctions is high." Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir. 1995) (internal quotations omitted). Moreover, in order to impose sanctions against an attorney under its inherent powers, a court must make a "specific" finding that the attorney acted in bad faith. Dawson v. United States, 68 F.3d 886, 895 (5th Cir. 1995); Elliott v. Tilton, 64 F.3d 213, 217 (5th Cir. 1995); Chaves, 47 F.3d at 156.

In sanctioning Bolen, however, the district court did not mention its "inherent" powers; instead it relied upon its "supervisory" powers, as described in McNabb v. United States, 318 U.S. 332, 340 (1943) and United States v. Hasting, 461 U.S. 499, 505 (1983). To the extent that the court relied upon its supervisory powers, and not its inherent powers, it committed error. Supervisory powers are generally used by courts to establish standards of procedure and evidence, not to sanction attorneys. See United States v. Williams, 504 U.S. 36, 45 (1992) ("Hasting, and the cases that rely upon the principle it expresses, deal strictly with the courts' power to control their own

3

procedures." (emphasis omitted)). Inherent powers, on the other hand, are often relied upon by courts as authority upon which to sanction attorneys. See, e.g., Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980) ("The most prominent of [a court's inherent powers] is the contempt sanction."); Chambers, 501 U.S. at 43-46; Dawson, 68 F.3d 886, 895 (5th Cir. 1995); Reed v. Iowa Marine and Repair Corp., 16 F.3d 82, 84 (5th Cir. 1994). Despite this error, we affirm the district court's order levying sanctions against Bolen. See Vojvodich v. Lopez, 48 F.3d 879, 886 (5th Cir.) ("We may affirm a decision on grounds other than those upon which the district court ruled . . . ."); cert. denied, 116 S.Ct. 169 (1995).

First, the district court made the required finding that Bolen acted in bad faith. As noted previously, the court outlined three specific factual findings in its sanctions order. As part of its third finding, the court determined that Bolen, dissatisfied with the advice that Lobley had been giving Reed regarding the plea agreement, attempted to "steamroll" Lobley into having his client enter a guilty plea. After Lobley did not show up in court to assist Reed in entering a plea, Bolen proceeded to inform the court, without justifiable basis, that Reed was unhappy with Lobley's representation and wanted new counsel. The district court characterized this action as a "deliberate misrepresentation" on Bolen's part. The court was also appalled by the following message--which it called "repugnant" and "abhorrent"--left by Bolen on Lobley's answering machine:

4

I suggest you reevaluate your actions and notify the Court, because if you don't, I will notify the Court that I think your client wants a new lawyer because of your actions, and we'll get him a new lawyer and we'll get the kid pled, and then will [sic] cooperate and probably serve a whole lot less time in jail.  You ought to think about it.

Although the court did not explicitly state that it found Bolen to have acted in bad faith, its finding that Bolen had made a deliberate misrepresentation to the court is the functional equivalent to a finding of bad faith.[3]

Having determined that the district court made the required finding that Bolen acted in bad faith, we also conclude that the imposition of the $500 sanction, based upon the finding of bad faith, was well within the court's discretion.  McGuire, 48 F.3d at 906.  The record supports the finding that Bolen misrepresented to the court that Reed wanted a new attorney after she unsuccessfully attempted to bully Lobley into counseling Reed to enter a guilty plea, and the amount of the sanction is reasonable.

Finally, Bolen asserts that the district court erred by not giving her proper notice that she would be facing sanctions and by not allowing her to file a written response to Lobley's motion for sanctions.  Such contentions are without merit.

---

[3]The other two findings support the legal conclusion that Bolen violated Texas Disciplinary Rule of Professional Conduct 4.02(a). Bolen asserts, however, that due to the existence of a written proffer agreement and certain statements made by Lobley, she believed in good faith that she had permission to talk to Reed outside the presence of Lobley.  Even assuming, arguendo, that Bolen had permission to talk with Reed outside the presence of counsel, such permission does not excuse her actions that form the basis of the court's third finding of fact.

AFFIRMED.