**Lawrence E. DEESE, M.D., Plaintiff,**

v.

**SPRINGFIELD THORACIC AND CARDIOVASCULAR SURGEONS, S.C., Defendant.**

No. 95–3345.

United States District Court, C.D. Illinois, Springfield Division.

Dec. 15, 1998.

Kenneth M. Sullivan, Michael J. Koenigsknecht, Chicago, IL, for plaintiff.

R. Gerald Barris, Michael T. Kokal, Springfield, IL, Maurice J. Barry, Jr., Bloomington, IL, for defendant.

## OPINION

RICHARD MILLS, District Judge.

Should Plaintiff's attorney—Michael J. Koenigsknecht—be sanctioned for failure to comply with federal discovery rules?

The Court is required to answer yes.

Mr. Koenigsknecht's conduct must be sanctioned.

## I. BACKGROUND

This case was bitter, hard-fought, and took nearly three years to complete. The trial itself lasted 18 trial days and culminated with a jury verdict in favor of Springfield Thoracic and Cardiovascular Surgeon ("STCS") on Dr. Deese's claim that STCS had breached his employment contract with it. Along the way, both sides asked the Court to sanction the other for alleged misconduct and for alleged discovery violations. The last request for sanctions came from STCS. STCS asked the Court to sanction Dr. Deese's counsel and their law firm and to report them to the Illinois Attorney Registration and Disciplinary Committee ("ARDC") for conduct stemming from and surrounding the testimony offered by Dr. Deese during his rebuttal.[1]

During rebuttal on the 16th day of trial, Dr. Deese took the stand to rebut the evidence presented by STCS in its defense case-in-chief. Specifically, Dr. Deese took the stand in order to rebut the testimony offered by Dr. Pyle, one of STCS's shareholders and officers. During rebuttal direct examination, Dr. Deese testified, in essence, that Dr. Pyle had perjured himself when he denied advising Dr. Deese that STCS had nothing to lose by terminating him because if the corpora-

tion lost, it was just money; on the other hand, he (Dr. Deese) had everything to lose, including his reputation as a cardiovascular surgeon.

In addition, Dr. Deese testified that Dr. Pyle had lied on the witness stand when he denied informing him that if he (Dr. Deese) did not get his belongings out of STCS's office by the close of business on December 31, 1993, STCS would change the locks on the office doors and would dock his last month's paycheck for the associated costs. When asked by his lead counsel, Michael J. Koenigsknecht, how he could be so certain that Dr. Pyle had said those things which he (Dr. Pyle) had subsequently denied in Court, Dr. Deese replied that he had a tape recording of the conversation between him and Dr. Pyle with him in Court, while patting his hand against his upper left suit coat pocket.[2]

STCS objected to Dr. Deese's testimony and to the admission of the tape because he had never provided it with a copy of the tape or any transcript of the tape during the discovery process. Accordingly, the Court recessed the jury to consider the matter. After hearing both parties' positions, the Court instructed the jury to disregard any reference to the taped conversation between Drs. Pyle and Deese.

The next day, however, both parties stipulated that the Court should play the taped conversation for the jury. Accordingly, after reading a stipulation to lay a foundation for the tape, the Court played the tape for the jury.

However, while STCS agreed and stipulated that the jury should hear the taped conversation between Drs. Pyle and Deese, it argued that the Court should instruct the jury regarding Dr. Deese's failure to comply

---

1. Although STCS's counsel asked the Court to report Dr. Deese's counsel to the ARDC, the Court reminds STCS's counsel that as members of the Illinois Bar, they also have an ethical obligation under Illinois Rule of Professional Conduct 8.3 to report any violation(s) of the Rules of Professional Responsibility by another attorney to the ARDC.

2. Outside the presence of the jury, it was revealed that attorney Michael J. Koenigsknecht

had instructed Dr. Deese to record the telephone conversation which he had with Dr. Pyle and to transcribe the taped conversation. Dr. Deese did so without Dr. Pyle's knowledge or consent. Dr. Deese kept the tape at his home in Mississippi and had the tape couriered to Springfield in order to rebut Dr. Pyle's testimony. Dr. Deese and Mr. Koenigsknecht received the tape the day upon which Dr. Deese took the stand in rebuttal.

with the Federal Rules of Civil Procedure and the inappropriateness of his counsel's conduct before the Court. Moreover, STCS asked the Court to sanction Dr. Deese's counsel and their law firm and to report both counsel and their law firm to the ARDC. Dr. Deese argued that he did not have a duty to disclose the tape, and therefore, sanctions would be inappropriate.

The Court held STCS's motion for sanctions in abeyance pending the outcome of the trial. The jury has since rendered its verdict in favor of STCS and against Dr. Deese, and the Court has denied Dr. Deese's motion for a new trial. Accordingly, STCS's motion for sanctions is ripe for adjudication.

## II. ANALYSIS

Federal Rule of Civil Procedure 26(g)(3) provides:

> If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

*Id.*[3] Regarding the imposition of sanctions for discovery violations, the United States Court of Appeals for the Seventh Circuit has explained:

> Our review of the court's decision to deny the Rule 26(g)(3) request for sanctions is

deferential. Unlike its Rule 11 counterpart, which now assigns to the discretion of the district court whether to impose sanctions for a violation of the rule, Rule 26(g)(3) still *requires* that sanctions be imposed in the event of a violation. However, the determination whether the requisite certification was made "without substantial justification ... in violation of the rule" typically is a factual assessment turning on the unique circumstances of the case. Accordingly, we review for clear error the district court's decision that Rule 26(g)(2) was or was not violated. What type of sanction to impose in the event of a violation is a matter committed to the district court's discretion, and our review of that decision is commensurately deferential as well.

*Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 407–08 (7th Cir.1998) (emphasis added) (internal citations omitted); *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 739–40 (7th Cir. 1998). Thus, the issue before the Court is whether Dr. Deese's counsel's failure to disclose the tape violated Rule 26 without substantial justification. If it did, the Court must impose sanctions against him pursuant to Rule 26(g)(3). *Dugan*, 142 F.3d at 408 (holding that Rule 26(g)(3) mandates some type of sanction if Rule 26 is violated). If it did not, no sanctions are necessary.

■■■ The Court finds that attorney Michael J. Koenigsknecht's failure to disclose the audio tape and the transcript of the conversation between Drs. Pyle and Deese violated Rule 26 without substantial justification.[4] Mr. Koenigsknecht argues that he

---

3. STCS also asks the Court to impose sanctions against Dr. Deese and his counsel pursuant to Rule 37(c). Rule 37(c) applies only to the misconduct of the parties, not their attorneys. *Insurance Benefit Administrators, Inc. v. Martin*, 871 F.2d 1354, 1360 (7th Cir.1989), citing *Apex Oil Co. v. Belcher Co. of New York, Inc.*, 855 F.2d 1009, 1014 (2nd Cir.1988). Originally, the Court excluded the tape from being offered into evidence at trial as a sanction against Dr. Deese pursuant to Rule 37(c)(1). However, because STCS agreed that the jury should hear the tape, the Court vacated its earlier ruling. In addition, the Court refused STCS's proposed jury instruction number 17 which the Court could have given pursuant to Rule 37(c). Thus, the issue before the Court today is the alleged misconduct of Dr. Deese's counsel. As such, the Court's

authority to impose sanctions against counsel for failing to disclose the tape derives from Rule 26(g), not Rule 37(c).

4. Although the Court agrees that attorney Michael J. Koenigsknecht should be sanctioned for his conduct, the Court is not inclined to sanction either his co-counsel or the law firm of Gardner, Carton, and Douglas. Mr. Koenigsknecht was lead counsel in this case; he instructed Dr. Deese to surreptitiously record the conversation with Dr. Pyle; he signed the Rule 26 disclosures; and he conducted the direct-examination of Dr. Deese during rebuttal and sought the admission of the tape as evidence at trial. Therefore, the Court believes that the buck stops with Mr. Koenigsknecht.

intended to use the tape only for impeachment purposes. Had Dr. Pyle not perjured himself, Mr. Koenigsknecht asserts, he would never have offered the tape as evidence at trial. Moreover, Mr. Koenigsknecht claims that the transcript of the tape was protected from Rule 26's discovery requirements by the attorney-client privilege and the work-product doctrine.

■ Mr. Koenigsknecht is correct that Rule 26(a)(3) provides a "safe-harbor" from the mandatory disclosure provisions if the material is to be used at trial solely for impeachment purposes. *DeBiasio v. Illinois Central R.R.,* 52 F.3d 678, 686 (7th Cir.1995). Had the Court accepted Mr. Koenigsknecht's assertion regarding the use of the tape, the Court could not and would not have imposed sanctions against him.

However, although Mr. Koenigsknecht's assertion is supported by the fact that he did not offer the tape until rebuttal and the fact that he did use the tape for impeachment purposes, his assertion is belied by his previous disclosures and pleadings. In signing Dr. Deese's initial disclosures pursuant to Rule 26, Mr. Koenigsknecht disclosed the existence of the transcript of the audio tape at issue (albeit in an improper manner as will be discussed below). Thus, if Mr. Koenigsknecht truly intended to use the tape solely for impeachment purposes as he now claims, there would have been no need or reason, according to Rule 26(a)(3), for him to have made this disclosure.

Likewise, Dr. Deese's Second Amended Complaint directly references this conversation between Drs. Deese and Pyle. Thus, Mr. Koenigsknecht's representation that he intended to use the tape solely for impeachment purposes is inconsistent with his earlier pleading which asserted that the conversation constituted direct evidence supporting Dr. Deese's breach of contract claim.

In any event, Rule 26(e) imposes a continuing obligation upon a party to supplement his discovery responses and disclosures. *Abrahamsen v. Trans–State Express, Inc.,* 92 F.3d 425, 428 (6th Cir.1996); *Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153, 156 (3rd Cir.1995). The Court believes that Rule 26(e) required Mr. Koenigsknecht to inform opposing counsel of the existence of the tape and the transcript once he determined that he was going to use them at trial. Mr. Koenigsknecht argues that he did not know whether the tape could be found and arrive at Springfield in time to be presented at trial.

However, the Court does not believe that fact lessened Mr. Koenigsknecht's duty to inform opposing counsel. Mr. Koenigsknecht knew at least as early as the night before Dr. Deese testified during rebuttal that he was going to offer the tape if it arrived in time. This fact is clear because the day before the tape arrived in Springfield, Mr. Koenigsknecht instructed the attorneys at his law firm to research whether or not the tape would be admissible. In addition, Mr. Koenigsknecht himself researched whether or not this Court had ever granted a mistrial when a party attempted to introduce a tape recording of a conversation in which only one party had consented to its recording.

At the very least, Mr. Koenigsknecht could have disclosed the tape and the transcript to opposing counsel when he received it from the courier. Although Mr. Koenigsknecht admitted that he received the tape from the courier 25 minutes prior to the Court resuming after the lunch break, he waited until he was before the jury to reveal the existence of the tape. Had Mr. Koenigsknecht informed opposing counsel of the existence of the tape and the transcript prior to the reference in the jury's presence, the Court assumes that STCS's counsel would have moved to exclude the evidence or would have moved for a short continuance so that they could review the tape and transcript.

In any event, the matter could have been broached and resolved outside the jury's presence. Rule 26's purpose was to prevent just this type of surprise tactics during trial. *Poulin v. Greer,* 18 F.3d 979, 984 (1st Cir. 1994), quoting *Fusco v. Gen. Motors Corp.,* 11 F.3d 259, 265 (1st Cir.1993); *Reed v. Iowa Marine and Repair Corp.,* 16 F.3d 82, 85 (5th Cir.1994). Mr. Koenigsknecht's calculated decision to violate Rule 26 by failing to appropriately disclose the tape and the transcript and then waiting to reveal their exis-

tence until he was before the jury and in such a manner as to raise a specter of doubt as to the veracity of Dr. Pyle's testimony rises to the level of sanctionable conduct.

Under the circumstances the Court cannot accept Mr. Koenigsknecht's representations, nor can it give him the benefit of the doubt. The Court fully believes that rather than initially intending to use the tape solely for impeachment purposes, relying upon Rule 26(a)(3), Mr. Koenigsknecht adopted this Rule and argument in order to protect and safe-guard him against sanctions by the Court.

Furthermore, the fact that the tape and the transcript may have been protected by the attorney-client privilege and the work-product doctrine does not excuse Mr. Koenigsknecht's conduct, nor does it shield him from the imposition of sanctions. Federal Rule of Civil Procedure 26(b)(5) provides:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

*Id.* Although Mr. Koenigsknecht claimed that the transcript of the conversation between Drs. Deese and Pyle was protected by the attorney-client privilege and the work-product doctrine, he made this claim in an improper manner.

In Dr. Deese's initial disclosures, Mr. Koenigsknecht described the transcript of the taped conversation between Drs. Deese and Pyle as a "Memorandum from Deese to Michael J. Koenigsknecht and Patrick J. Deese, Esq. re: potential witness. (Withheld on the basis that the document was

prepared in anticipation and preparation of litigation and attorney-client communication privilege)." Obviously, the transcript had nothing whatsoever to do with potential witnesses. Thus, Mr. Koenigsknecht did not accurately describe the nature of the transcript in such a manner as to enable STCS or its counsel to assess the applicability of the privilege or protection claimed. *Id.* As such, Mr. Koenigsknecht is subject to sanctions for violating Rule 26. *See* Fed.R.Civ. Pro. 26(b)(5) advisory committee notes (1993) (Amend.) (providing that "[t]o withhold material without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."); *see also Mackey v. IBP, Inc.,* 167 F.R.D. 186, 200 (D.Kan.1996) (quoting Fed.R.Civ.Pro. 26(b)(5) advisory committee notes (1993) (Amend.)); *see also Taydus v. Cisneros,* 902 F.Supp. 288, 297 (D.Mass.1995) (same).[5]

In short, the Court finds that attorney Michael J. Koenigsknecht violated Federal Rule of Civil Procedure 26(a) & (b) and that he dissembled to this Court. Thus, he is subjected to sanctions pursuant to Rule 26(g)(3).

*Ergo,* Defendant's Motion for Sanctions is ALLOWED.

Accordingly, pursuant to Federal Rule of Civil Procedure 26(g)(3), attorney Michael J. Koenigsknecht is hereby sanctioned $1,000.00 for his failure to comply with Federal Rule of Civil Procedure 26(a) & (b). The Clerk of the Court is DIRECTED to send a copy of this Opinion and Order to the Illinois Attorney Registration and Disciplinary Committee.[6]

---

5. Although Rule 26(b)(5)'s committee notes empowers a court to impose sanctions against a party under Rule 37(b)(2) for violating Rule 26(b)(5), the Court believes that it also has the authority pursuant to Rule 26(g) to sanction that party's counsel for violating Rule 26(b)(5).

6. Because the Court is primarily concerned with Mr. Koenigsknecht's violation of the federal discovery rules, the Court need not concern itself with the possibility that Dr. Deese violated Illinois state law by tape recording his conversation with Dr. Pyle without Dr. Pyle's knowledge and

consent. 720 ILCS 5/14–1 *et seq*. However, the ARDC may want to make inquiries as to whether or not Mr. Koenigsknecht's instruction to Dr. Deese to tape record the conversation with Dr. Pyle constitutes an ethical violation.