# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-60322
Summary Calendar

RICHARD C. BROWER,

Plaintiff–Appellant,

v.

STALEY, INC.,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:05-CV-212

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Richard Brower appeals the district court's denials of his motion to remand, motion to strike or exclude a surveillance video, and motion for a new trial. Brower also appeals the district court's grant of Appellee Staley, Inc.'s (Staley) motion for a protective order. We affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

In June 2003, Richard Brower and Clayton McMillan were involved in a motor vehicle collision. At the time of the collision, McMillan was acting in the scope of his employment with Staley. On December 8, 2003, Brower filed suit against Staley in Mississippi state court.

In Brower's original complaint, he stated that he was seeking damages in an "amount less than $75,000.00." Staley later propounded discovery requests asking whether Brower intended to claim damages in excess of $75,000. Brower responded that he "could not admit or deny" the same at that time, but that "it is admitted that there are no present plans to amend this Complaint as the Plaintiff has current medical bills of approximately $5,500." On November 16, 2004, Brower had an anterior cervical microdiskectomy. Brower's counsel received the medical records from this surgery on December 10, 2004.

Based on Brower's discovery responses, in February 2005, Staley removed the case to the United States District Court for the Northern District of Mississippi. The district court remanded the case to state court in August 2005, ruling that Staley had not sustained its burden in demonstrating that Brower's claim was actually worth in excess of $75,000. However, less than two months following the remand to state court, Brower was granted leave to amend his complaint in order to seek damages in excess of $75,000. Staley then removed the case to federal court and the district court denied Brower's motion to remand based on equitable estoppel.

Prior to trial, Staley filed a motion for a protective order to prohibit the deposition of Dr. Edward Pratt, a non-testifying expert witness who conducted an independent medical examination of Brower pursuant to Rule 35 of the Federal Rules of Civil Procedure. The district court granted the motion based on Rule 26(b)(4)(B). Also prior to trial, Brower filed a motion to strike or exclude

a video surveillance tape of Brower performing certain physical activities. The district court denied the motion.

A jury returned a verdict awarding Brower $30,000 in damages. The district court denied Brower's motion for a new trial.

## II

We review a district court's denial of a plaintiff's motion to remand a case from federal to state court de novo.[1] A district court's evidentiary rulings are reviewed for abuse of discretion.[2] Finally, "[w]e must affirm the district court's denial of [a] motion for a new trial absent a 'clear showing of an abuse of discretion.'"[3]

## A

The district court did not err in denying Brower's motion to remand. Brower had intensive spinal surgery on November 16, 2004, nearly one month before the expiration of the one-year limit for removal.[4] While Brower claims that his counsel was unaware of his increased medical bills until after December 8, 2004, Brower agreed to the surgery on November 3, 2004 but did not tell Staley about the surgery until after the one-year removal limit had expired. The district court stated that it "has no reason to doubt that had the defendant known about the extra medical bills for the November 2004 surgery, they would have removed on or before December 8, 2004." We agree. Brower's actions

---

[1] Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1117 (5th Cir. 1998).

[2] Kelly v. Boeing Petroleum Servs., Inc., 61 F.3d 350, 356 (5th Cir. 1995).

[3] DP Solutions, Inc. v. Rollins, Inc., 353 F.3d 421, 431 (5th Cir. 2003) (quoting Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1049 (5th Cir. 1998)).

[4] See 28 U.S.C. § 1446(b) ("[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").

regarding the amount of damages he sought in his pleadings justify an equitable exception to 28 U.S.C. § 1446(b)'s one-year limit.[5]

B

The district court did not abuse its discretion when it granted the protective order prohibiting the deposition of Dr. Pratt. Dr. Pratt, a non-testifying expert, conducted an independent medical examination of Brower in accordance with Rule 35 of the Federal Rules of Civil Procedure. Also in accordance with the Rule, Staley provided Brower with a copy of Dr. Pratt's examination report.[6] Brower sought to depose Dr. Pratt based on this report.

Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure prohibits the deposition of a non-testifying expert except in accordance with Rule 35(b) or upon a showing of exceptional circumstances.[7] While Rule 35(b) allows the discovery of an examiner's report, it states only that it "does not preclude . . . deposing an examiner under other rules."[8] Because Rule 26(b)(4)(B) controls and Brower has not shown exceptional circumstances, the district court did not abuse its discretion in granting the motion for a protective order.

C

The district court also did not abuse its discretion in denying the motion to strike or exclude the surveillance video. Staley produced the surveillance video three months before the initial trial setting and ten months before the actual start of trial. The district court properly concluded that Rule 26(e)(2)'s

---

[5] See Tedford v. Warner-Lambert Co., 327 F.3d 423, 426 (5th Cir. 2003) ("Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit.").

[6] See FED. R. CIV. P. 35(b)(1).

[7] See FED. R. CIV. P. 26(b)(4)(B).

[8] FED. R. CIV. P. 35(b)(6).

basic purpose is "preventing prejudice and surprise."[9]  Brower had ample time to prepare a response to the surveillance video at trial.  Therefore, denying the motion to strike or exclude the video surveillance was not an abuse of discretion.

D

Finally, the district court did not abuse its discretion in denying the motion for a new trial.  A new trial is granted only if the jury verdict was against the great weight of the evidence.[10]  Here, the jury verdict was not against the great weight of the evidence.

Although Staley admitted liability, it produced ample evidence contradicting Brower's damages claims.  At trial, Brower claimed that he suffered from significant back and neck injuries and that the injuries were so severe that he could not lift more than ten pounds, could only hold his arm up for a matter of seconds, could not shake hands, and could not perform any household chores.  However, on cross-examination, the jury watched a surveillance video showing Brower purchasing, pull starting, operating, and lifting in and out of his truck a hand-operated garden tiller weighing approximately one hundred pounds.  Additional video footage showed Brower pressure washing his truck and shaking hands with friends.  Based on this video and other evidence contradicting Brower's testimony, the district court did not abuse its discretion in denying the motion for a new trial.

AFFIRMED.

---

[9] Reed v. Iowa Marine & Repair Corp., 16 F.3d 82, 85 (5th Cir. 1994).

[10] See Laxton v. Gap, Inc., 333 F.3d 572, 586 (5th Cir. 2003) ("A new trial is warranted if the evidence is against the great, and not merely the greater, weight of the evidence.").