# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 23, 2013

No. 12-20603
Summary Calendar

Lyle W. Cayce
Clerk

JOE HAND PROMOTIONS, INC., as Broadcast Licensee of the November 21, 2009, UFC 106: Ortiz/Griffin II Event,

Plaintiff-Appellee

v.

CHIOS, INC., Individually and doing business as Ziti's Italian Restaurant, also known as Ziti's Ristorante Italiano; JOHN N. PHILLIPOS, Individually and doing business as Ziti's Italian Restaurant, also known as Ziti's Ristorante Italiano, also known as John Phillips; NICKOLAS PHILLIPOS, Individually and doing business as Ziti's Italian Restaurant, also known as Ziti's Ristorante Italiano,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2411

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Joe Hand Promotions, Inc. is a marketer and licenser of commercial closed circuit pay-per-view events. Defendants-appellants are

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 12-20603

restaurateurs John Phillipos and Nickolas Phillipos and their company Chios, Inc., through which the Phillipos owned and managed Ziti's Italian Restaurant in Friendswood, Texas. Appellee had obtained a license to sub-license the closed-circuit telecast of the November 21, 2009 live pay-per-view mixed martial arts event "Ultimate Fighting Championship 106." In June 2011, appellee sued appellants in federal district court, alleging that appellants violated the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605, by exhibiting the event at Ziti's without purchasing from appellee the necessary license. Appellee sought statutory damages, an injunction against future unauthorized exhibitions, costs, fees, and prejudgment interest. In their answer to appellee's complaint, appellants invoked the Fifth Amendment privilege against self-incrimination, stating that "they refuse to give any information regarding Plaintiff's Original Complaint on the grounds that the allegations in said complaint constitute a crime under 47 U.S.C. § 553."

The case proceeded to a bench trial on largely stipulated facts. Although neither the Phillipos nor any other witnesses testified, the parties stipulated to the affidavit of a private investigator who averred that he had observed an advertisement for the screening of the fight on Ziti's outdoor marquee and witnessed the live exhibition of the event on televisions inside the restaurant. The district court found that appellee "possessed the proprietary rights to exhibit and sublicense the right to exhibit the closed-circuit telecast of the [event]" and that appellants "willfully and for purposes of direct or indirect commercial advantage or private financial gain intercepted and/or received the transmission of the [e]vent" in violation of 47 U.S.C. § 605. The district court subsequently entered judgment in favor of appellee and awarded statutory damages and attorneys' fees. We now affirm.

First, appellants argue that the district court erred by drawing adverse inferences from appellants' invocation of the Fifth Amendment privilege in their

2

answer to the complaint. "In general, the decision as to whether to admit a person's invocation of the Fifth Amendment into evidence is committed to the discretion of the district court." *Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008) (ellipsis in original) (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.*

Appellants acknowledge that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify *in response to probative evidence offered against them*," *Baxter*, 425 U.S. at 318 (emphasis added), but assert that here there was no evidence that the fight was broadcast at Ziti's without a license. This court has previously "accept[ed] the proposition that a grant of summary judgment merely because of the invocation of the fifth amendment would unduly penalize the employment of the privilege." *United States v. White*, 589 F.2d 1283, 1287 (5th Cir. 1979) (citing 8 C. Wright & A. Miller, Fed. Prac. & Proc. § 2018, at 148 (1970)). Other courts interpreting *Baxter* have followed suit. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) ("[L]ower courts interpreting *Baxter* have been uniform in suggesting that the key to the *Baxter* holding is that such adverse inference can only be drawn when independent evidence exists of the fact to which the party refuses to answer." (citing *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 390 (7th Cir. 1995), and *Peiffer v. Lebanon Sch. Dist.*, 848 F.2d 44, 46 (3d Cir. 1988))); *LaSalle Bank*, 54 F.3d at 390-91 ("[T]he failure to answer the allegations of a civil complaint based on an assertion of the Fifth Amendment privilege could not be construed as an admission of those allegations . . . ." (citing *Nat'l Acceptance Co. v. Bathalter*, 705 F.2d 924 (7th Cir. 1983))).

Here, however, the private investigator's affidavit, to which appellants stipulated, provided probative evidence that Ziti's advertized and televised the fight. Moreover, appellants stipulated that they did not pay appellee the $925

licensing fee required to show the fight in a commercial establishment. "When one party stipulates to a disputed fact, the stipulation conclusively proves that fact." *United States v. Caldwell*, 586 F.3d 338, 342 (5th Cir. 2009). Because appellants stipulated to the facts as to which they now claim evidence was lacking, they have failed to show that the district court abused its discretion to the extent it drew adverse inferences based on their invocation of the Fifth Amendment privilege.

Second, appellants contend that the district court reversibly erred by taking judicial notice of public records of the Texas state liquor board that appellee submitted pursuant to Federal Rule of Evidence 201. Appellants argue that appellee's failure to indicate in its initial disclosure that it planned to move the district court to take judicial notice of these records constitutes a violation of Federal Rule of Civil Procedure 26. That rule provides in relevant part:

> [A] party must, without awaiting a discovery request, provide to the other parties . . . a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[] . . . .

Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 37, in turn, provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . , the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The "basic purpose of [Rule 26 is to] prevent[] prejudice and surprise." *Reed v. Iowa Marine & Repair Co.*, 16 F.3d 82, 85 (5th Cir. 1994); *see also Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007) ("Rule 26(a) generally serves to 'allow[] both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case.'" (alteration in original)).

"We review for abuse of discretion a decision not to exclude documents under rule 37." *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). "In evaluating whether a violation of rule 26 is harmless, and thus whether the district court was within its discretion in allowing the evidence to be used at trial, we look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Id.* "On the other hand, when a defendant fails properly to object to the admission of evidence, we review that admission solely for plain error." *Tompkins v. Cyr*, 202 F.3d 770, 779 (5th Cir. 2000).

As appellee notes, appellants did not object below to appellee's submission of the Ziti's liquor license records for judicial notice. By failing to bring the alleged Rule 26 disclosure violation to the district court's attention, appellant's deprived the district court of an opportunity to consider whether to deny the motion for judicial notice on that basis or impose some alternative sanction. *See* Fed. R. Civ. P. 37(c)(1) ("In addition to or instead of [prohibiting the use of undisclosed information], the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions[] . . . ."). We thus review this argument only for plain error. "There are four prerequisites to a finding that the district court committed plain error in admitting specified evidence: (1) an error; (2) that is clear and obvious under current law; (3) that affects the defendant's substantial rights; and (4) that would seriously affect the fairness, integrity or public reputation of judicial proceedings if left uncorrected." *Tompkins*, 202 F.3d at 779.

No. 12-20603

Assuming that appellees violated Rule 26, appellants have not demonstrated plain error in the district court's failure sua sponte to deny the motion for judicial notice on that basis. Although the liquor license records were not identified in appellee's initial disclosure, appellants received notice of the records when appellee filed its motion for judicial notice, to which appellants failed to respond. Moreover, appellants do not assert that they were unaware that public state agency records indicated that they held the liquor license for Ziti's. Accordingly, we conclude that appellants have failed to demonstrate that actions of either appellees or the district court caused prejudicial surprise or otherwise affected appellants' substantial rights. *See Ctr. for Bio. Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 424 (5th Cir. 2013); *Tex. A&M Research Found.*, 338 F.3d at 402; *Reed*, 16 F.3d at 85-86.

The judgment of the district court is AFFIRMED.